The City of Chester

*v.*

The Wabash, Chester and Western Railroad Co.

*Opinion filed October 16, 1899—Rehearing denied December 13, 1899.*

1. Ejectment—*city may bring ejectment to recover fee of public street.* It is a presumption of law that the fee of a public street is in the city, and ejectment may be resorted to as a proper remedy to recover the same from one who encroaches thereon.

2. Municipal Corporations—*limit of time railroad may use street is fixed by the property owners' petition.* A city council, without right to grant the use of a street for railroad purposes except upon the petition of a majority of the property owners, as specified in paragraph 90, section 1, article 5, of the City and Village act, (Rev. Stat. 1874, p. 223,) is bound by a limitation imposed by the terms of the petition as to the length of time the street is to be used.

3. Same—*right of railroad company to lay tracks under grant of council is not a franchise.* The right granted by a city council to a railroad company to lay its tracks in a street and operate its cars thereon is not a franchise but a property right merely contractual, and subject to the same conditions, restrictions and limitations as any other private property.

4. Railroads—*when railroad cannot claim that property owners are estopped to assert a time limitation.* A railroad company, by the expenditure of large sums of money or by procuring leases of additional property, cannot claim that abutting property owners are estopped from asserting a limitation as to the length of time the public street was to be occupied by tracks, contained in the petition which originally conferred power upon the city council to act, and under which, only, the railroad company took its rights.

Appeal from the Circuit Court of Randolph county; the Hon. B. R. Burroughs, Judge, presiding.

The appellant brought its action of ejectment against the appellee to recover possession of certain premises in the city of Chester, described as "all that part of Water street lying between Angle street and Pine street, occupied by the defendant as and with a railroad track and claimed by the appellant in fee," after demand in writing for the possession thereof. The appellee claims the right to the premises in question under certain proceedings of

the city council of Chester had November 20, 1877, grant-
ing certain rights to the Chester and Kaskaskia Railroad
Company, to the rights of which company the appellee
claims to have lawfully succeeded.

On November 20, 1877, a special meeting of the city
council of Chester was held, for the purpose, as shown
by the minutes, of taking action "on the extension of
railroad facilities to the Southern Illinois penitentiary,"
then being constructed near the city of Chester. A pe-
tition bearing twenty signatures, being the owners of a
majority of the property fronting on Water street, was
at this meeting presented to the council, requesting it to
grant the right to lay a railroad track along Water street,
in front of their property, to the Chester and Kaskaskia
Railroad Company, from the intersection of Hancock
street with Water street and along said Water street
to the western limits of the city, for the term of twenty
years. On the reading of this petition, a former ordi-
nance, being ordinance No. 36, granting the right of way
to C. B. Cole and associates to lay down a single track
over the property in question, was repealed, and ordi-
nance No. 37 was adopted by unanimous vote of all pres-
ent. This ordinance contains recitals in its preamble
that the construction of the penitentiary makes it neces-
sary to extend the railroad through the city from the
terminus of the Iron Mountain, Chester and Eastern rail-
road to a point north of the city; that the Chester and
Kaskaskia Railroad Company had been organized for
that purpose and had surveyed its railroad along Water
street, and that the owners of more than one-half of the
land fronting on Water street had petitioned the council
to grant the right of way over Water and other streets,
from Hancock street to the northern limits of the city,
for the term of twenty years. Section 1 grants the right
to the Chester and Kaskaskia Railroad Company to lay
down, construct and maintain its railroad from the ter-
minus of the Iron Mountain, Chester and Eastern rail-

road across Hancock street, on and along Water and Front streets, to the northern limits of the city of Chester, to use no more of such streets than is necessary to construct and operate said railroad, and provides that the railroad company shall conform to all grades now or hereafter established for said streets, and shall construct its track in such a manner that teams, etc., may cross and re-cross same, and makes the company amenable to all ordinances now or hereafter in force. The words "for a period of twenty years" appear in the proceedings as interlined in red ink, and oral testimony was introduced to prove by some of the signers of the petition that they signed it with the distinct understanding that it was for the period of twenty years only.

It was stipulated that the Chester and Kaskaskia Railroad Company was incorporated October 25, 1877, for a period of fifty years, and that the appellee acquired all its property rights April 27, 1878.

On March 15, 1881, the city of Chester leased to the appellee a part of the levee between Water street and the river, extending to low-water mark, and between Angle street on the north and McFerron street on the south, for ten years for a rental of $50 per annum, for the purpose of maintaining a coal dump and for the mooring of boats, etc., with the right to cross all streets and alleys necessary. On April 6, 1891, another lease was entered into between the same parties, the city acting under authority of an ordinance passed for that purpose, leasing to the railroad company "that part of the levee and wharf or landing lying between Angle street and the north side of Erskin street and extending to low-water mark of the Mississippi river," and authorizing the railroad company to take possession of the same for the purpose of erecting, maintaining and operating a transfer incline and cradle for the purpose of transferring cars to boats; also a coal dump, and for mooring boats, etc., and the right to use all streets lying between the present

track of the railroad company and the levee as may be necessary for the storage, handling or transfer of cars and operating the coal dump, for the period of thirty-seven years, at an annual rental of $50 per annum.

The appellee, shortly after the making of the lease, constructed the cradle referred to, with tracks and approaches thereto, without protest or interference by the city or any of the citizens, and it claims that the property in question in this suit is necessary to the maintenance of the same, and that the city is estopped, by reason thereof, from asserting claim to the property in question, and that the rights given by the ordinance of date November 20, 1877, inured to it for the full term of the corporate existence of the charter of the Chester and Kaskaskia Railroad Company, and not for twenty years only. On trial before the circuit court the contention of appellee was sustained, and a finding and judgment were entered accordingly, from which this appeal is taken.

The plaintiff asked the court to hold, as a matter of law, that the owners of property abutting on the street, when they signed the petition to the city council to grant the railroad company the privilege of laying its railroad track on the street and maintaining a railroad thereon, had the right to impose any condition they saw fit, and by their petition limited the grant for the term of twenty years, and that the city council was bound by the terms of the limit so imposed. Further, that, as a matter of law, the ordinance under which the defendant claims the right to maintain its railroad tracks on the street, limits the right to the term of twenty years from the time the ordinance took effect. These propositions the court refused to hold, to which plaintiff excepted. Thereupon the defendant asked the court to hold, as propositions of law, that the owners of property abutting a street, in a petition to a city council to permit a railroad company to occupy a street with its tracks, have no power to impose a limit as to time inconsistent with the duty of the

182—25

railroad company to properly serve the public during the term of its chartered existence. Further, that the city may, and should, disregard any limitation contained in the petition which, if enforced, would prevent the railroad company from exercising its functions or performing its duties to the public during the term of its chartered existence; that the recital in the preamble of the petition as to the contents and terms thereof is immaterial, and the ordinance is to be construed without reference to such recital or to the facts therein stated; that the ordinance cannot be controlled or modified by recitals contained in the preamble, and that the ordinance is to be construed as granting the right of way to the railroad company to lay its tracks in the street and maintain the same for the whole term of the corporate life of the railroad company, inasmuch as the ordinance itself is silent as to the length of time of the grant. These propositions requested to be held by the defendant were by the court so held, to which the plaintiff then and there excepted.

DILL & WILDERMAN, ALEXANDER HOOD, and WILLIAM M. SCHUWERK, for appellant.

G. W. WALL, and H. CLAY HORNER, for appellee.

Mr. JUSTICE PHILLIPS delivered the opinion of the court:

Water street, in the city of Chester, being admitted to be a public street therein, it is a presumption of law that the fee of the street is in the city, and ejectment may be resorted to as a proper remedy to recover the same from one who encroaches thereon. The title of the street being in the city for the use of the public, it may not grant the use of that street inconsistent with the rights of the public therein.

At the time the ordinance in question was adopted, paragraph 90 of section 1 of article 5 of chapter 24 of the Revised Statutes was as follows: "The city council or

board of trustees shall have no power to grant the use of, or the right to lay down any railroad tracks in, any street of the city to any steam or horse railroad company except upon a petition of the owners of the land representing more than one-half of the frontage of the street, or so much thereof as is sought to be used for railroad purposes." No right existed in the city council to grant the use of the street for the purpose of laying down railroad tracks by this railroad company except upon the presentation of a petition as provided for by the foregoing paragraph. It was held in *Byrne* v. *Chicago General Railway Co.* 169 Ill. 75 (on p. 85): "Where, as here, the constitution and general statutes of the State make the consent of the municipal authorities a condition precedent to the exercise of the right to construct and operate a railroad in the streets of the city, such authorities necessarily had the power to prescribe the conditions upon which they will grant their consent. They may impose any conditions not illegal and not forbidden by statute."

Inasmuch as the city council can only act on the petition of the owners of land fronting on the street, it can not create conditions to the prejudice of such land owners to a broader extent than authorized by the petition itself, and as the basis of the action by the city council is the petition of the property owners fronting on the street, such property owners may, with reference to the time the street is to be used, impose such terms by their petition as in their judgment will best subserve their and the public interests, and may limit the time that the right granted shall continue, and such limitation will be binding on the city council.

In *McCartney* v. *Chicago and Evanston Railroad Co.* 112 Ill. 611, where an act of the legislature of 1865 confirmed an ordinance of the city of Chicago granting to a railway company chartered by special act the right to lay a track on and over certain streets of the city for passenger cars only, and the city subsequently became incorporated un-

der the general act containing the provision of section 90 as hereinbefore cited, and the railroad company subsequently desired consent to use the tracks for street cars also, and urged that the consent required by the city council is only as to the laying down of tracks and not as to the use of tracks which had been constructed, and that in case of a railroad track once rightfully laid there is no restriction upon the city as to the granting any use of it, with reference to that proposition the court held (p. 638): "This we regard a too strict interpretation of the provision in question. Where a railroad company lays its tracks in a street, having but the right to construct and maintain a track for passenger cars only, we think that under this provision of the statute the city has no power afterwards to grant the use of the track for the operation of freight cars upon it, except upon petition of property owners upon the street, as named in the statute. The granting of the use of freight cars upon a track which was one for passenger cars only, would, we consider, within the intendment of this statute provision, be tantamount to granting the right to lay down a track for freight cars, and so come within the provision. But if the grant of this use for freight cars be unauthorized, it is objected that the complainants in this case have no right to any relief as to the use of freight cars in Hawthorne avenue; that the city has the exclusive control of the streets and represents the public in all matters concerning them, and that no complaint can be made other than by the city, or by the abutting property owners whose consent should have been obtained. Where this required consent has not been obtained the city is absolutely without power to grant the license, and the exercise of it would be wholly without warrant, and unlawful."

In *People ex rel.* v. *Chicago West Division Railway Co.* 118 Ill. 113, where certain conditions were sought to be inserted in the petition of property owners, this court said (p. 120): "It is true that the property owners might have

inserted such conditions in their assent as they thought proper, and the common council might have been powerless to grant the railway company permission to occupy the streets except upon the conditions specified by the property owners in their consent." To the same effect are *Chicago, Danville and Vincennes Railroad Co.* v. *City of Chicago*, 121 Ill. 176, and *Hunt* v. *Chicago Horse and Dummy Railway Co.* 121 id. 638.

The right granted by a city council to a railroad company to lay its tracks in a street and operate its cars thereon is not a franchise but a property right merely contractual, and subject to the same conditions, restrictions and limitations as any other property owned by other persons. (*City of Belleville* v. *Citizens' Horse Railway Co.* 152 Ill. 171; *Byrne* v. *Chicago Railway Co. supra.*) And such contract rights, so far as they affect the public, are to be strictly construed in favor of the public. The city council having no power to permit the use of its streets by a railroad corporation without the necessary petition, as required by paragraph 90 heretofore cited, and a right to a limitation existing with reference to the property owners by incorporating in their petition a limitation of the extent to which the city council should go in conferring such power on the railroad corporation, and the power conferred by the city council being a mere contractual right, to be strictly construed so far as it affects the public, it must necessarily be construed as not going beyond the limits fixed by the petition of the abutting property owners. The petition in this case asked that the right be granted to use the street for a period of twenty years, and when the city council made its grant by ordinance, which was accepted by the railroad company, the council was powerless to make the grant for a longer period than twenty years, and on no principle of construction can it be held that the railroad company, by reason of any expenditure of money thereon or by procuring leases of additional property, could place itself in

a position to assert a claim that abutting property own-ers were estopped from asserting their rights in strict accordance with the petition which originally conferred the power on the city council, and under which, only, the railroad corporation took its rights. The railroad corporation was bound to know the law—that the power of the city council was dependent on the presentation of the petition; and the petition itself limiting the time for which the street should be granted to the.railroad com-pany, the latter is presumed to have had full notice of all that the petition contained.

It follows, therefore, that the circuit court erred in refusing to hold propositions asked by the plaintiff and in holding propositions asked by the defendant. The plaintiff was entitled to recover on the facts appearing on this record.

The judgment of the circuit court is reversed and the cause is remanded.                    *Reversed and remanded.*