## City of Springfield, Appellee, v. Postal Telegraph=Cable Company, Appellant.

1. STREETS AND ALLEYS—*jurisdiction and power of cities with respect to.* Whatever may be the rule in other jurisdictions the law is well settled in this state that a city may under the power of exclusive control of its streets, allow a use of them which is not inconsistent with the public objects for which they are held, and it is equally well settled that a city may regulate such use and fix a reasonable compensation to be paid for the same.

2. STREETS AND ALLEYS—*presumption as to ownership.* It is a presumption of law that the fee to public streets is in the city controlling them.

3. ORDINANCES—*validity of, imposing fee for use of streets and alleys.* An ordinance which imposes a fee for the use of streets and alleys by placing thereon telegraph poles, is within the power of a city to enact and if reasonable is valid.

4. ORDINANCES—*when presumption of reasonableness applies.* If an ordinance is within the delegated powers of a city it will be presumed to be reasonable and valid, and the burden is upon the party attacking it clearly to establish its unreasonableness.

5. DEBT—*when action lies.* Debt is the proper form of action for the

recovery by a municipality of remuneration in a sum certain under an ordinance for the use and occupancy of its streets and alleys.

Action in debt. Appeal from the Circuit Court of Sangamon county; the Hon. ROBERT B. SHIRLEY, Judge, presiding. Heard in this court at the May term, 1911. Affirmed. Opinion filed October 14, 1911.

BROWN, WHEELER, BROWN & HAY and JOHN T. CREIGHTON, for appellant; WILLIAM O'NEIL, of counsel.

FRANK L. HATCH and ALBERT STEVENS, for appellee; TIMOTHY McGRATH, of counsel.

MR. JUSTICE PUTERBAUGH delivered the opinion of the court.

This is an appeal from a judgment for $640 rendered upon a directed verdict, in an action in debt. The declaration alleges that the defendant occupied certain portions of the streets and alleys of the city of Springfield, during the years 1906, 1907, 1908, and 1909, without paying into the city treasury, on the first day in September in each of said years, one dollar for each pole over eight feet high, as required by certain ordinances of said city, by reason whereof an action had accrued to the plaintiff to demand of the defendant the sum of $160 for each of said years, for so occupying said streets and alleys as aforesaid.

The defendant interposed the general issue, and gave notice of the following special matters intended to be relied on for a defense on the trial, to-wit: That an act of Congress of 1866 provided that all telegraph companies organized under the laws of any state should have the right to construct, maintain and operate lines of telegraph over post roads, and that an act of Congress of 1884 declared all public roads and highways post roads, and that it had accepted the benefit of those two acts in the proper manner; also, that it was engaged in interstate commerce, and that the ordinance

was an unlawful interference with interstate commerce and was a tax levied upon one of the instrumentalities employed by the United States Government; also that said ordinance attempted to deprive it of its property without due process of law; and that it denied defendant equal protection of law and was a tax levied upon a franchise granted by the United States of America; also that the plaintiff had no power to pass such ordinance; that it had been under no expense about inspecting and regulating said poles; that the license was not based upon the cost of inspection; that it was largely in excess of any reasonable amount necessary for inspection and regulation; that said license was designed as a revenue measure, and that said license was not proportionate to the value of the property upon which its poles were located, nor to the obstruction of, nor interference with business on highways.

The material facts shown by the evidence are, that the defendant owned the 160 poles mentioned in the declaration; that the defendant company was incorporated under the laws of Illinois, on October 12, 1905, for the purpose of carrying on the business of transmitting telegraphic messages; that it accepted the Post Roads Act of Congress of 1866 and its amendment of 1884 in proper manner. The evidence further shows, that on January 6, 1908, the city council of said city adopted an ordinance, which, so far as it applies to the present case, is as follows:

"Be it enacted by the City Council of the City of Springfield: Section 1. That article one of chapter seventeen of the Springfield Code (1902) entitled, 'Licenses,' be and the same is hereby amended to read as follows:

"Licenses. It shall be unlawful for any person to be engaged in or to carry on any business, occupation or pursuit hereinafter mentioned in this article, within the limits of the city of Springfield, without first having

obtained license therefor in the manner hereinafter provided.

"Section 26.    (Posts and Poles, License for.)    Any person, firm or corporation owning, controlling or occupying any post or pole over eight feet high, which may occupy any portion of any street, alley or sidewalk within the city of Springfield, said pole or post being used to support electric or other wires of whatsoever nature, or to support any sign or awning or display for the purpose of advertising shall pay annually into the city treasury the sum of one dollar for each pole or post owned, controlled or occupied by said person, firm or corporation as a remuneration to the said city for the use of the portion or portions of the street, alley or sidewalk which said pole or post may occupy.

"Section 29.    (License, When due.)    The license hereinbefore provided shall be due on the first day of September of each year."

The evidence further shows that from the date of its incorporation until the date of the suit, the appellant company occupied the streets and alleys of the city of Springfield with poles over eight feet high, carrying wires, without any protest on the part of the city, without any demand for payment of one dollar per year for each pole, and without having paid anything into the city treasury during such time.

The plaintiff, in argument, disclaims that the effect of the ordinance in question is to impose a license upon the defendant for the use of its streets or alleys, or to levy a special tax upon its telegraph poles situated thereon, or an attempt to exercise the general police power for defraying the expenses of inspection; it does claim, however, the right to require of the defendant the payment of one dollar annually for each pole over eight feet high, occupying any portion of the streets, alleys or sidewalks of said city, as remuneration for the use of the portion or portions of the streets, alleys and sidewalks so occupied, and that such is the sole intent and effect of the ordinance.    Such disclaimer

renders it unnecessary to discuss many of the questions raised and argued by the defendant. The vital issue is as to whether the ordinance is *ultra vires* the plaintiff city.

Article V, section 4, paragraph 6, of "An Act incorporating the City of Springfield, and the several acts amendatory thereof, into one act, and to amend same," provides, *inter alia,* that the city shall "have power by ordinance to have the exclusive control and power on the streets, alleys and highways of the city and to * * * regulate * * * the same," etc. (Pub. and Priv. Laws Extra Session 1854, page 35.) Section 6, Article 1 of the Cities, Villages and Towns act, provides that "all courts in this state shall take judicial notice of the existence of all villages and cities organized under this act, and of the change of the organization of any town or city from its original organization under this act; and from the time of such organization, the provisions of this act shall be applicable to such cities and villages, and all laws in conflict therewith shall no longer be applicable; but all laws or parts of laws not inconsistent with the provisions of this act shall continue in force and be applicable to any such city or village the same as if such change of organization had not taken place." Rev. Stat. (1909) page 334.

Section 1 of Paragraph 62 of the same act, provides (9) that the city council shall have power "to regulate the use of the same." (streets), and (17) that the city council shall have power "to regulate and prevent the use of streets, sidewalks and public grounds for * * * telegraph poles," etc. (Ibid. page 343.) The two acts referred to constitute the charter of the plaintiff city. So far as their provisions are substantially the same, and not inconsistent with each other, they together with the ordinances based thereon, are to be continued in force. City v. Bross, 101 Ill. 475.

Section 4 of the Statute, entitled Telegraph and Tele-

phone Companies, provides that no telegraph company shall erect any poles within any city, town or village, without the consent of the corporate authorities.    Rev. Stat. (1909), page 2212.

Whatever may be the rule in other jurisdictions, the law is well settled in this State that a city may, under the power of exclusive control of its streets, allow any use of them which is not inconsistent with the public objects for which they are held.    And it is equally well settled that the city may regulate such use, and fix a reasonable compensation to be paid for the same. Sears v. City, 247 Ill. 204.

It is a presumption of law that the fee to its public streets is in the plaintiff (City of Chester v. R. R. Co., 182 Ill. 382), and in such case its power in the particulars mentioned is subject to no limitation except that such use shall be reasonable and in a manner to safeguard the paramount right of the public to the free and unobstructed use of the streets for the purpose for which they were dedicated.    Sears v. City, *supra.*

In the light of the foregoing authorities we have no doubt as to the power of the plaintiff to by ordinance compel the defendant to pay a reasonable compensation for the use of the portion of its streets and alleys occupied by the defendant.    The ordinance being within the delegated powers of the plaintiff, must be presumed to be reasonable and valid, and the burden is upon the defendant to clearly establish    its unreasonableness. People v. Ry. Co., 232 Ill. 292.    This it has failed to do.

The fact that the word ''license'' appears in the title and subtitle to the ordinance under consideration is immaterial, inasmuch as there is no statutory requirement of a title to an ordinance.    Traction Co. v. City, 207 Ill. 544.

We think that debt is the proper form of action for the recovery by a municipality of remuneration in a

sum certain under an ordinance for the use and occupancy of its streets and alleys. Newcastle v. Electric Co., 6 Am. Electric Cases, 87; 1 Chit. Pl. 109a; 2 Chit. Pl. 401.

The judgment of the circuit court is affirmed.

*Affirmed.*