218 APPELLATE COURTS OF ILLINOIS.

City of Peoria v. Postal Telegraph-Cable Co., 200 Ill. App. 218.

## City of Peoria, Appellee, v. Postal Telegraph-Cable Company, Appellant.

### Gen. No. 6,207.

1. LICENSES, § 18*—*when evidence as to amount of business done by licensee admissible on question of reasonableness of fee.* In a nonjury action by a city to recover license fees for maintenance of telegraph poles in streets, *held* that evidence of the amount of business done by the defendant company should have been admitted on the question of reasonableness of the fee.

2. APPEAL AND ERROR, § 1491*—*when exclusion of evidence as to cost of supervision of telegraph poles in action by city against telegraph company for license fees not reversible error.* In a nonjury action by a city to recover license fees for maintenance of telegraph poles in streets, *held* that it was error, though not reversible error, to exclude evidence of the cost of supervision of such poles by the city.

3. LICENSES, § 18*—*when license fee imposed on telegraph company not unreasonable.* An annual license fee of $1 per pole for poles maintained by a telegraph company in streets and alleys, *held* not unreasonable, whether such fee be considered as such or as

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

rental, even though it were shown that the city incurred no expense in inspecting such poles except through its proper officers looking after all objects that might be so located.

4. Licenses, § 1*—*when annual fee for maintenance of telegraph poles constitutes license fee.* An annual fee imposed by ordinance for maintenance of telegraph poles in city streets and alleys, *held* a license fee and not rental.

5. Licenses, § 5*—*when city has power to impose reasonable license fee for maintenance of telegraph poles.* A city may, by ordinance, impose a reasonable annual license fee for maintenance of telegraph poles in streets and alleys, irrespective of whether or not it owns the fee of such streets and alleys.

Appeal from the Circuit Court of Peoria county; the Hon. John M. Niehaus, Judge, presiding. Heard in this court at the October term, 1915. Affirmed. Opinion filed February 8, 1916.

Stevens, Miller & Elliott, for appellant; William W. Cook, of counsel.

Richard H. Radley, for appellee.

Mr. Justice Carnes delivered the opinion of the court.

This is an appeal from a judgment of $242 for the plaintiff in a trial by the court without a jury of an action of debt brought by appellee, City of Peoria, against Postal Telegraph-Cable Company, the appellant, under an ordinance of the city, the section of which material to the consideration here reading:

"Section 1. That there shall be paid annually into the City Treasury a license fee of One Dollar ($1.00) for each post used for the support of telegraph wires and which occupies any portion of any public street, alley or sidewalk in the City of Peoria. The said sum shall be paid by the person or persons, or the corporation or corporations owning, using or occupying any such poles for the support of telegraph wires; and all persons or corporations so occupying any such pole shall be jointly and severally liable to the City of Peoria for the payment of such license fee."

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

The case is in many respects like that of *City of Springfield v. Postal Tel.-Cable Co.,* 164 Ill. App. 276, and 253 Ill. 346. In that case the ordinance in question expressly provided that the charge was made "as a remuneration to the said city for the use of the portion or portions of the street, alley or sidewalk which said pole or post may occupy." The right of the city to impose a reasonable charge in the nature of a rental for the exclusive use of the parts of the street occupied by the poles was affirmed. It was also said by the Supreme Court that similar charges may be imposed, not by way of rental, but in the exercise of police power in the nature of a license fee; but the Supreme Court held in that case that it was not a charge in the nature of a license fee but was a charge in the nature of a rental which the telegraph company was required to pay as a reasonable compensation for the use of the part of the streets and alleys occupied by the poles. Substantially the same defense is interposed in this case as in that of the acceptance by the defendant of the benefit of the Act of Congress of 1886 and subsequent acts; that the defendant was engaged in interstate commerce, and that the ordinance was an unlawful interference with interstate commerce and a tax levied upon one of the instrumentalities employed by the United States Government, with the other matters of defense as stated in the opinion of the Appellate Court in that case. If the ordinance in the present case is to be regarded as a rental ordinance, the *Springfield* case, *supra,* is conclusive that the defense grounded on Federal statutes is not available. If it is to be regarded as a license ordinance, the cases of *Western Union Tel. Co. v. New Hope Borough,* 187 U. S. 419, and *Atlantic & Pacific Tel. Co. v. City of Philadelphia,* 190 U. S. 160, are authority to the same effect. But whether it be regarded as a rental or license ordinance, it was a material question in this case whether it was reasonable. It

was held by the Supreme Court in the *Springfield* case, *supra,* that such ordinances are prima facie reasonable, and the burden of proof is upon those who assert the contrary. And it was held in the consideration of a similar rental ordinance in *St. Louis v. Western Union Tel. Co.,* 148 U. S. 92, that a reasonable charge would differ in different counties and locations but that it does not lie exclusively in the city's power to determine what a reasonable charge is; that the inquiry must be open to the courts and must depend largely upon matters not apparent upon the face of the ordinance, but existing only in the actual state of affairs of the city. And in consideration of a similar license ordinance the court held in *Western Union Tel. Co. v. New Hope Borough, supra,* that the ordinance could not be declared void as unreasonable unless the unreasonableness was so clearly apparent as to demonstrate an abuse of discretion on the part of the city, and suggested that it was the duty of the city to see that the poles were safe and properly maintained and that a liability against it existed if a citizen should be injured in person or property by reason of a neglect of such duty, therefore the measure of reasonableness of the charge should not be confined to the expense of supervising the defendant's work in the street. In *Atlantic & Pacific Tel. Co. v. City of Philadelphia, supra,* the ordinance was regarded as clearly a license as distinguished from a rental ordinance, and it was held proper for the enforcement of local governmental supervision; but it was said that the charge is authorized only in support of police supervision and the expense of such supervision determines the amount of the charge, and if it were possible to prove in advance the exact cost, that would be the limit of the tax. But as this is ordinarily impossible, the municipality is at liberty to make the charge large enough to cover any reasonably anticipated expense. The question of the reasonableness of the charge was held to be one of fact

for the jury to determine, and the judgment was reversed and the cause remanded because the trial court had refused to submit that question to the jury. The court did not conclude that the evidence showed the charge unreasonable, but only held that it was a question for the jury, and the trial court erred in not so treating it.

Appellant offered to prove the income and expense and charges of the defendant company for the year ending June 30, 1913, with the statement that the defendant wished to supplement the testimony by that of its Peoria, Illinois, manager and other testimony; offered to prove the receipts of the Peoria office, and the expense of operating and maintaining the Peoria office; that the defendant had paid the State tax; and asked a witness if there was any inspection by the City of Peoria of poles carrying telegraph wires different from inspection made of poles carrying other wires, and if any expense was incurred by the City of Peoria with reference to inspection of poles carrying telegraph wires in the year in question, and if the City of Peoria during the time in question had any employee employed for the purpose of making inspection of of poles which carried telegraph wires, and if there were carried on the poles in question wires of other companies. Objections to all these questions but the last were sustained on the ground that they were immaterial. The last question was permitted to be answered subject to the objection, and the witness replied that some of them did carry other wires.

We do not see how the inquiry as to how much business the defendant did in general or in detail could have much, if any, bearing on the question of the reasonableness of the ordinance. Still, as the trial was before the court without a jury, it would have been better to admit the testimony. But we think it clear under the authority of the cases before referred to that

the inquiry as to cost of supervision was material and that it was error to exclude that consideration. But assuming that the answer would have been that the city incurred no expense in supervising the defendant's work in the streets except through its proper officer looking after any and all objects that might be located there, we are still of the opinion that the court would not have been justified in holding the ordinance unreasonable and void. It is not clear from the authorities examined by us just what the scope of inquiry should be on the question of the reasonableness of such an ordinance, but if each of the questions to which the court sustained objections had been answered in manner most favorable to the defendant, the court should have refused to hold the ordinance unreasonable and this without regard to his determination of the question whether it was a rental or license ordinance.

The court held it a rental as distinguished from a license ordinance. We are not inclined to adopt that view but think it should rather be held a license ordinance which, under the authorities before cited, was within the power of the city to enact. Appellant claims that the city does not own the fee in a part of the streets on which the poles in question are located, because the plat of the portion of the city in which those streets lie shows a common-law dedication instead of a statutory dedication. We think the record sustains this claim. It is further argued if this is a rental ordinance the city, because of that fact, had no authority to require a rental to be paid. This is denied by appellee, but neither party furnishes any authority on that subject. If we are correct in our assumption that it is a license ordinance, we presume it is immaterial whether the city does or does not own the fee in the street. If it is a rental ordinance, the question whether the ownership of the fee in the street is material, and, if so, in what respect and how far to be distinguished

224    APPELLATE COURTS OF ILLINOIS.

City of Peoria v. Western Union Tel. Co., 200 Ill. App. 224.

from cases where the city does own the fee, should be determined by some court after a careful and thorough investigation by counsel and citation of the authorities on that subject.

It is admitted that the defendant was using the number of poles indicated by the judgment. In our opinion the record discloses no reversible error, therefore the judgment is affirmed.

*Affirmed.*

MR. JUSTICE NIEHAUS took no part.