THE CITY OF SPRINGFIELD, Appellee, *vs.* THE POSTAL TELEGRAPH-CABLE COMPANY, Appellant.

*Opinion filed February 23, 1912.*

1. MUNICIPAL CORPORATIONS—*provisions of special charter not in conflict with general law remain in force.* Upon the adoption, by a city organized under a special charter, of the general Cities and Villages act, provisions of the special charter not in conflict with such act remain in force.

2. SAME—*powers of municipal corporations are not unlimited.* Municipal corporations are limited to powers granted in express words or those necessarily implied in or incident to the powers expressly granted, and those essential, and not merely convenient, to the declared objects and purposes of such corporations.

3. SAME—*legislative sanction is essential to the use of streets by telegraph or telephone companies.* Legislative sanction directly given or conferred through municipal action is necessary in order to authorize the use of streets for the poles and wires of telegraph or telephone companies.

4. SAME—*act of Congress concerning telegraph companies does not preclude a city from requiring compensation for use of streets.* Municipal corporations having legislative authority may. demand reasonable compensation for the space in the streets exclusively appropriated by the poles of telegraph and telephone companies, without conflicting with the act of Congress of 1866, as amended in 1884, with reference to telegraph companies using public highways and streets.

5. SAME—*city may fix reasonable compensation for the use of streets.* In Illinois a city owning the fee has power, under the Cities and Villages act, to allow any use of its streets not inconsistent with the public objects for which they are held, and may regulate such use and fix a reasonable compensation for the same, including the use for the poles of telegraph or telephone companies.

6. SAME—*a city may charge reasonable rental for portions of streets occupied by poles.* A city having control of streets and highways within its territorial limits may impose upon telegraph or telephone companies using the streets by permission or license, and not under an irrevocable grant, a reasonable charge, in the nature of a rental, for the use of parts of the streets exclusively occupied by poles.

7. SAME—*when compensation for use of streets is in nature of a rental.* A provision of an ordinance requiring any person, firm or corporation owning, controlling or occupying any post or pole over eight feet high located in any street, alley or sidewalk, and used to support electric or other wires or signs or awnings, to pay the city, annually, one dollar per pole as remuneration for the portion of the street occupied, is a provision for a charge in the nature of a rental and not for a license fee or tax, even though the word "license" appears in the title of the ordinance.

8. SAME—*person attacking provision for compensation has burden of showing it to be unreasonable.* A provision in an ordinance fixing the sum of one dollar per pole to be paid, annually, to the city as remuneration to the city for the use of the portion of the street occupied exclusively by such pole is *prima facie* reasonable, and the burden of proving it to be unreasonable is upon the party asserting such fact.

WRIT OF ERROR to the Appellate Court for the Third District;—heard in that court on appeal from the Circuit Court of Sangamon county; the Hon. ROBERT B. SHIRLEY, Judge, presiding.

BROWN, WHEELER, BROWN & HAY, and JOHN T. CREIGHTON, (WILLIAM N. COOK, and WILLIAM E. O'NEIL, of counsel,) for appellant:

The city of Springfield had no express power to pass the ordinance here relied upon. The express powers of a municipal corporation are those, and those only, that are conferred upon it by the legislature, as evidenced by its

charter. Dillon on Mun. Corp. (4th ed.) sec. 89; *Huesing* v. *Rock Island,* 128 Ill. 465.

No express power is given appellee by the Cities and Villages act, or any prior act not in conflict therewith, to impose a license upon telegraph companies for the use of the surface of its streets and alleys, to let and collect rent for such use and occupation by telegraph companies, or to levy a special tax upon telegraph poles situated thereon. Hurd's Stat. 1909, chap. 24; Pub. and Priv. Laws of 1854, (Extra Sess.) 35; *State Freight Tax case,* 15 Wall. 232.

There is no power necessarily implied in or incidental to any of the express powers given under, nor any that is indispensable to the declared purposes of a city incorporated under, the Cities and Villages act which will authorize the passage of the ordinance relied upon.

A municipal corporation has no authority to impose or collect a license for the carrying on of any particular business unless express warrant therefor is found in its charter. *Wisconsin Tel. Co.* v. *Milwaukee,* 126 Wis. 1; *Wisconsin Tel. Co.* v. *Oshkosh,* 62 id. 32; *Cambridge* v. *Water Co.* 99 Md. 501; *Chicago* v. *Insurance Co.* 126 Ill. 276.

Any fees or charges imposed under the general police power must be based upon and may be collected for the purpose, only, of defraying the expense of reasonable inspection, regulation and supervision. The fees must be reasonable in amount, the expenses of supervision being the limit of the charge. 4 Cook on Corp. (6th ed.) sec. 938; *Saginaw* v. *Swift E. E. Co.* 113 Mich. 660; *Delaware and Atlantic Tel. Co.'s Petition,* 73 Atl. Rep. (Pa.) 175; *Telegraph Co.* v. *Philadelphia,* 190 U. S. 160.

A telegraph company, acting under authority of the Post Roads act, (act of Congress approved July 24, 1866, amended March 1, 1884,) may lawfully enter with and maintain its necessary equipment upon the public streets and alleys of a city without first obtaining a license or per-

mit so to do.   In so entering with and maintaining such equipment a telegraph company does not become a trespasser.   Hurd's Stat. chap. 24, sec. 62; chap. 134; Rev. Stat. of U. S. 5263-5269; 23 U. S. Stat. at Large, 3; *Telegraph Co.* v. *Visalia,* 149 Cal 744; *Punxsutawney* v. *Telegraph Co.* 18 Pa. Dist. 308; *Telegraph Co.* v. *Lakin,* 53 Wash. 326; *St. Louis* v. *Telegraph Co.* 63 Fed. Rep. 68; 148 U. S. 92; *Pensacola Tel. Co.* v. *Telegraph Co.* 96 U. S. 8.

FRANK L. HATCH, and ALBERT STEVENS, (TIMOTHY McGRATH, of counsel,) for appellee:

Appellee has express warrant to collect remuneration for the occupancy of portions of its streets and alleys by the poles of appellant.   Hurd's Stat. chap. 24, art. 5, sec. 1; chap. 134, sec. 4; *Huesing* v. *Rock Island,* 128 Ill. 465; *St. Louis* v. *Telegraph Co.* 148 U. S. 92; 149 id. 465; *Telegraph-Cable Co.* v. *Baltimore,* 156 id. 210; *Telegraph Co.* v. *Railroad Co.* 195 id. 540; *Memphis* v. *Telegraph-Cable Co.* 145 Fed. Rep. 602; *Telegraph-Cable Co.* v. *Baltimore,* 79 Md. 502.

Where the city owns the fee in a street its power to allow any use thereof and to regulate such use and fix a reasonable compensation therefor is subject to no limitation except such use shall be reasonable.   *Quincy* v. *Bull,* 106 Ill. 337.

In this State a city may, under the power of exclusive control of its streets, allow any use of them which is not inconsistent with the public objects for which they are held. It is equally well settled that the city may regulate such use and fix a reasonable compensation to be paid for the same. *Sears* v. *Chicago,* 247 Ill. 204.

The city may exact "a license fee for the use of the street." *Byrne* v. *Railway Co.* 169 Ill. 75; *People* v. *Railroad Co.* 178 id. 594; *People* v. *Telephone Co.* 245 id. 121.

We deny appellant's claim that a telegraph company may lawfully enter and maintain its necessary equipment upon the public streets and alleys of a city without first obtaining a license or permit to do so, and maintain, on the contrary, that in Illinois authority is conferred on its corporations by the legislature, and that appellant got its license or permit to enter on the streets and highways of Illinois when it received its charter from the State, and not till then, provided, however, it obtained the consent in writing (unless waived) of the corporate authorities or accepted the Post Roads act, the latter of which appellant did, and we further maintain that appellant not only owes obedience to the laws of the State of Illinois but the laws of every State which it enters. Hurd's Stat. chap. 134, sec. 4; *Telegraph Co* v. *Attorney General,* 125 U. S. 530; *Telegraph Co.* v. *Missouri,* 190 id. 420; *Telegraph Co.* v. *Wright,* 166 Fed. Rep. 954.

All ordinances within the delegated powers of a municipal corporation are presumed to be reasonable and valid, and the burden is upon one attacking such ordinances to clearly establish their unreasonableness. *Berry* v. *Chicago,* 192 Ill. 156; *Standard Oil Co.* v. *Danville,* 199 id. 50.

Mr. Chief Justice Carter delivered the opinion of the court:

This was an action in debt brought in the circuit court of Sangamon county by the appellee, against the appellant, in which it was alleged that said company occupied certain portions of the streets and alleys in the city of Springfield during the years 1906, 1907, 1908 and 1909 without paying into the city treasury, on the first day of September of each year, one dollar for each pole over eight feet high used by said company, as required by a certain ordinance of said city. Appellant filed the general issue and gave notice of certain special matters relied on for defense under

acts of Congress of 1866 and 1884 with reference to the right of telegraph companies to construct, maintain and operate lines of telegraph over post roads, public roads and highways. On a hearing the jury returned a directed verdict in favor of appellee for $640. From judgment entered thereon an appeal was prayed to the Appellate Court, where the judgment was affirmed. The Appellate Court granted a certificate of importance to this court.

The appellant company was incorporated under the laws of Illinois in 1905 for the purpose of carrying on the business of transmitting telegraphic messages. It accepted the Post Roads act of Congress of 1866, as amended in 1884. January 3, 1898, the city council of Springfield adopted an ordinance which amended its code with reference to licenses, providing, among other things, that before any person or corporation should engage in business within the limits of said city he or it should first obtain a license. One of the sections of that ordinance reads as follows: "Any person, firm or corporation owning, controlling or occupying any post or pole over eight feet high which may occupy any portion of any street, alley or sidewalk within the city of Springfield, such post or pole being used to support electric or other wires, of whatsoever nature, or to support any sign or awning or display for the purpose of advertising, shall pay annually into the city treasury the sum of one dollar for each pole or post owned, controlled or occupied by said person, firm or corporation, as a remuneration to the said city for the use of the portion or portions of the street, alley or sidewalk which said pole or post may occupy." It appears that from its incorporation until this suit was instituted the appellant company occupied the streets and alleys of the city of Springfield with 160 poles carrying wires, without any demand for the payment of one dollar per year for each pole and without having paid anything into the city treasury during all of such time, as required by said ordinance.

Paragraph 6 of section 4 of article 5 of an act to incorporate the city of Springfield provided that the city council had "the exclusive control" of the "streets, alleys and highways of the city, and to * * * regulate * * * the same," etc. (Pub. and Priv. Laws, Second Sess. 1854, p. 44.) The present Cities and Villages act was adopted by the city of Springfield. Clause 9 of section 1 of article 5 of that act provides that the city council shall have the power "to regulate the use of the" streets, and clause 17 of the same section that the city council shall have power "to regulate and prevent the use of streets, sidewalks and public grounds for * * * telegraph poles," etc. (Hurd's Stat. 1909, p. 343.) The provisions of the special charter, so far as they are not in conflict with the general Cities and Villages act, are still applicable to the city of Springfield. (Hurd's Stat. 1909, chap. 24, sec. 6, p. 334; *City of Cairo v. Bross,* 101 Ill. 475; *Board of Water Comrs.* v. *People,* 137 id. 660.) Section 4 of chapter 134 of our statutes provides that no telegraph company shall erect any poles within any city, town or village without the consent of the corporate authorities. (Hurd's Stat. 1909, p. 2212.)

Counsel for appellant insist that the city of Springfield was without authority to pass the ordinance in question. Municipal corporations are limited to powers granted in express words or those that are necessarily implied in or are incident to the powers expressly granted and those essential to the declared objects and purposes of the corporation,— not simply convenient but indispensable. (*Huesing* v. *City of Rock Island,* 128 Ill. 465.) State legislatures have plenary power over all public highways, including streets within municipalities, which they may exercise directly or devolve upon the local or municipal authorities. (3 Dillon on Mun. Corp.—5th ed.—pars. 1022, 1222.) Legislative sanction directly given or conferred through municipal action is necessary to authorize the use of streets for posts and wires of telegraph or telephone companies. (3 Dillon

on Mun. Corp.—5th ed.—par. 1220; 1 Elliott on Roads
and Streets,—3d ed.—par. 545.)    Municipalities, under
such legislative authority, may demand reasonable compen-
sation for space in the streets exclusively appropriated by
telegraph and telephone companies without in any way con-
flicting with the act of Congress of 1866, as amended in
1884, with reference to telegraph companies using public
highways and streets.    (*Western Union Telegraph Co.* v.
*Attorney General*, 125 U. S. 530; *St. Louis* v. *Western Un-
ion Telegraph Co.* 148 id. 93.)    It is a presumption of law
that the fee of a public street is in the city.    (*City of Ches-
ter* v. *Wabash, Chester and Western Railroad Co.* 182 Ill.
382.)    The law has long been settled in this State that
any city which has the fee under the power to control its
streets granted by the Cities and Villages act, may allow
any use of them that is not inconsistent with public objects
for which they are held.    (*Sears* v. *City of Chicago*, 247
Ill. 204, and cases cited.)    The municipalities in this State
may regulate such use and fix a reasonable compensation to
be paid for the same.    (*Lobdell* v. *City of Chicago*, 227
Ill. 218.)    This includes use for the poles of telegraph or
telephone companies.    (*Chicago Telephone Co.* v. *North-
western Telephone Co.* 199 Ill. 324; *Village of London
Mills* v. *White*, 208 id. 289; *McWethy* v. *Aurora Electric
Light Co.* 202 id. 218.)    Municipal corporations vested
with the control of public property and property devoted
to public uses within their territorial limits, including the
streets and highways, can impose upon telegraph and tele-
phone companies using the streets of the city by permission
or license and not under an irrevocable grant or franchise,
a reasonable charge in the nature of a rental for the ex-
clusive use of the parts of the streets occupied by poles.
Similar charges may be imposed upon public service corpo-
rations occupying the streets of a municipality, not by way
of rental but in the exercise of police power, this charge
being in the nature of a license fee,—not a tax on the prop-

erty of the company,—for the enforcement of local governmental supervision. 3 Dillon on Mun. Corp. (5th ed.) sec. 1275; *St. Louis* v. *Western Union Telegraph Co. supra; St. Louis* v. *Western Union Telegraph Co.* 149 U. S. 465; *Postal Telegraph-Cable Co.* v. *Baltimore,* 156 id. 210; *Western Union Telegraph Co.* v. *New Hope,* 187 id. 419; *Atlantic and Pacific Telegraph Co.* v. *Philadelphia,* 190 id. 160.

Under the reasoning of the opinion in *St. Louis* v. *Western Union Telegraph Co.* 148 U. S. 93, we are disposed to hold that the charge here in question, provided for under section 26 of said ordinance, is not a license fee or a tax, but is a charge in the nature of a rental which appellant is required to pay as a reasonable compensation for the use of the part of appellee's streets and alleys occupied by the poles. The fact that the word "license" appears in the title of the ordinance is immaterial, there being no statutory requirement as to the title of an ordinance. *Chicago Union Traction Co.* v. *City of Chicago,* 207 Ill. 544.

Counsel for appellant further insist that even though the ordinance in other respects is valid, the trial court improperly held that the burden of proving the unreasonableness of the charge for its poles rests upon appellant. *Prima facie* the ordinance is reasonable. (*St. Louis* v. *Western Union Telegraph Co.* 148 U. S. 93.) It is presumed to be valid, and the burden is upon those who assert the contrary. *People* v. *Grand Trunk Railway Co.* 232 Ill. 292; 2 Dillon on Mun. Corp. (5th ed.) 599.

The question whether debt is the proper form of action was not raised in the trial court and cannot therefore be raised here.

We find no reversible error in the record. The judgment of the Appellate Court will therefore be affirmed.

*Judgment affirmed.*