THE CITY OF PEORIA, Appellee, *vs.* THE POSTAL TELE-GRAPH-CABLE COMPANY, Appellant.

*Opinion filed October 24, 1916.*

1. MUNICIPAL CORPORATIONS—*tax must be treated as a license fee when so stated in ordinance.*  Where the language of an ordinance designates the fee imposed upon a telegraph company for inspecting its poles and wires in the streets as a license fee, without further explanation, it must be treated as a license fee.

2. SAME—*city may regulate the location of telegraph poles and wires and impose restrictions.*  Under the Post-road act and the subsequent act of Congress making all public roads and highways post routes, the local municipal authorities are recognized as having control of such roads and streets and have the power to regulate and locate and re-locate the poles and wires of telegraph companies so that they will not interfere with ordinary travel, and while the city may not arbitrarily exclude such wires and poles, yet it may impose reasonable restrictions and regulations.

3. SAME—*city may assess telegraph company to defray expense of inspection of poles and wires.*  Since the city authorities are required to inspect streets and highways within city limits and to keep them in a reasonably safe condition, a city may assess a reasonable charge on a telegraph company to defray the cost of the inspection of poles and wires even though the telegraph company may be engaged in inter-State commerce.

4. SAME—*when a city may require a telegraph company having poles and wires in the streets to pay a license fee.*  A municipality may require a telegraph company having poles and wires in the streets to pay a license fee not to exceed the probable expenses incident to the issuing of the license and for the supervision, regulation and inspection of the poles and wires of the company.

5. SAME—*burden is on telegraph company to allege and prove that a license fee is excessive.*  An ordinance imposing a license fee on a telegraph company having its poles in the streets is pre-

sumed to be a valid ordinance, and the burden is upon the telegraph company to allege and prove its claim that the ordinance is unreasonable by reason of its providing for an excessive license fee, unless it is so grossly excessive that the court can pronounce it unreasonable as a matter of law.

6. SAME—*discretion may be exercised by city as to amount to be charged as a license fee against telegraph company.* The city authorities may exercise discretion in determining the amount to be charged a telegraph company as a license fee for defraying the expenses of inspection of poles and wires in the streets, and if the fee exceeds this expense by a sum not unreasonable the ordinance will not be held void because of the amount of the fee imposed.

7. SAME—*what is not an excessive license fee for inspection of telegraph poles and wires.* An annual fee of one dollar per pole imposed upon a telegraph company for defraying the expense of inspection by the city of poles and wires in the streets cannot be said to be unreasonably excessive in the absence of proof, where by the ordinance the several owners of the wires on the poles are jointly and severally liable for the fee on every pole, so that the total sum collectible annually from all the owners and users of the poles cannot exceed one dollar per pole.

8. SAME—*when the court may refuse to admit evidence that a license fee charged telegraph company is excessive.* The trial court may refuse to admit evidence tending to prove that a license fee charged a telegraph company for defraying expenses of inspecting poles and wires by the city is excessive where there is no plea to support the proof and where the answers of the most favorable witnesses, had the evidence been admitted, would not have proved the fee to be excessive.

9. SAME—*a city cannot impose a tax on inter-State commerce of a telegraph company except for inspection of poles and wires.* A city cannot impose a tax, by way of license or otherwise, on the inter-State commerce of a telegraph company except for the purpose of defraying the expense of inspection and regulation of the poles and wires in the streets.

10. SAME—*when contention that ordinance imposing a license fee is void cannot be considered.* The contention that an ordinance imposing a license fee upon a telegraph company for inspection of its poles and wires is void because the ordinance does not impose a like fee on telephone companies, and that it is therefore in violation of the provision of the Federal constitution which guarantees equal protection of the law, cannot be considered in the Supreme Court when it has not been suggested by the pleas nor by the proofs.

APPEAL from the Appellate Court for the Second District;—heard in that court on appeal from the Circuit Court of Peoria county; the Hon. JOHN M. NIEHAUS, Judge, presiding.

FRANK T. MILLER, and JOHN M. ELLIOTT, (WILLIAM W. COOK, and STEVENS, MILLER & ELLIOTT, of counsel,) for appellant.

RICHARD H. RADLEY, Corporation Counsel, for appellee.

Mr. JUSTICE DUNCAN delivered the opinion of the court:

This action of debt was begun in the circuit court of Peoria county July 25, 1913, by the city of Peoria against the Postal Telegraph-Cable Company to recover a tax or license on all poles on the streets, alleys or sidewalks of said city and owned, used and occupied by said company for the support of telegraph wires, for the year beginning July 1, 1912. A trial before the court without a jury resulted in a judgment against the company for $242, which was affirmed by the Appellate Court for the Second District. That court granted a certificate of importance, and this appeal followed.

Appellee, on May 7, 1912, passed an ordinance providing that there shall be paid annually into the city treasury a license fee of one dollar for each pole used for the support of telegraph wires which occupied any portion of any public street, alley or sidewalk in said city. It further provided that said fee should be paid by the person or persons, corporation or corporations, owning, using or occupying such poles for such wires, and that all such persons or corporations owning, using or occupying poles for such wires should be jointly and severally liable to appellee for such fees and pay the same before the first day of July of each year for the period of one year following. To appellee's declaration on said ordinance appellant filed a plea of *nil debet* and two

special pleas of like import, in which appellant averred, in substance, that it is a corporation engaged in the telegraph business, is engaged in inter-State commerce and is acting as the agent for the United States government for postal, military and other purposes under the acts of Congress; that said license fee is a tax on inter-State commerce, and said ordinance is therefore in violation of the constitution and laws of the United States; that appellant has accepted and complied with the provisions of an act of Congress approved July 24, 1866, and acts amendatory and supplementary thereto, and is carrying on its said business in compliance therewith, and has placed its poles, wires and appliances at the disposal of the government for postal, military and other purposes, and they are now, and were before and during the year beginning July 1, 1912, used for the transmission of telegraph messages for the government and its various departments at prices fixed by the Postmaster-General in accordance with said act of Congress; that the highways upon which its poles are erected in the city of Peoria and along which its wires are strung are post roads and post routes within the meaning of said acts of Congress and the regulations of the post-office department, and appellant maintains an office in the city of Peoria for the receipt and delivery of messages to and from the government of the United States; that any attempt by appellee to control or interfere with such office or business, by a license fee or otherwise, is in violation of said constitution and laws of the United States and void as an attempt to tax inter-State commerce.

The language of the ordinance designates the fee charged as a license fee, without further explanation, and it must therefore be treated as a license fee, as contended by appellant. (*City of St. Louis* v. *Western Union Tel. Co.* 148 U. S. 92.) But it is argued by appellant that it having made proof by its special pleas that it had accepted and complied with said act of Congress of July 24, 1866, it has

a right to occupy the streets of appellee without permission or interference, and that appellee's ordinance is void, as an attempt to tax inter-State commerce.

The material provisions of the Post-road act are: "Any telegraph company now organized or which may hereafter be organized under the laws of any State, shall have the right to construct, maintain and operate lines of telegraph through and over any portion of the public domain of the United States over and along any of the military or post roads of the United States which have been or may hereafter be declared such by law, and over, under or across the navigable streams or waters of the United States, but such lines of telegraph shall be so constructed and maintained as not to obstruct the navigation of such streams and waters or interfere with the ordinary travel on such military or post roads." Section 3964 of the Revised Statutes of the United States provides: "The following are established post roads: All letter-carrier routes established in any city or town for the collection and delivery of mail matter." By an act of Congress of March 1, 1884, (Rev. Stat. U. S. sec. 5263,) it is provided: "All public roads and highways, while kept up and maintained as such, are hereby declared to be post routes."

It is not questioned by appellee that the streets of Peoria on which were located 242 poles containing telegraph wires of appellant are post roads, although proof of such fact does not appear in the record. Some of them are admitted to be public streets; but treating them all as post routes, the act of Congress upon which appellant relies for its defense expressly provides that such telegraph lines must not interfere with ordinary travel, which is the primary object of such roads. That very provision suggests that the local authorities are recognized by the act as having control of such roads and streets, and have the power to regulate and locate and re-locate such poles and wires so that they will not interfere with ordinary travel. The Supreme Court of

the United States has recognized that right in many decisions, and in one of the latest (*Essex* v. *New England Tel. Co.* 36 Sup. Ct. Rep. 102,) it was held that while a State or a city may not arbitrarily exclude the wires and poles of a telegraph company constructed over postal routes within its limits, yet it may impose reasonable restrictions and regulations. All city authorities in this State have control over the streets and alleys of such cities, and it is their duty to keep such streets and alleys in reasonably safe condition for travel. Those duties require inspection by the city authorities, and if they do not exercise reasonable care in the performance of those duties they are liable to persons that may be injured by reason of such failure. It has been frequently held that a telegraph company, though engaged in interState commerce, may be compelled by a municipality to pay a reasonable charge to defray the cost of local governmental supervision and inspection of its poles and wires. In some instances such charge has been imposed and upheld as a rental where the municipality has such an interest in its streets as entitles it to make a rental charge and such rental is not shown to be unreasonable. (*City of Springfield* v. *Postal Tel. Co.* 253 Ill. 346; *City of St. Louis* v. *Western Union Tel. Co. supra.*) A municipality may also require such a telegraph company to pay a license fee not to exceed the probable expenses incident to the issuing of the license and to such supervision, regulation and inspection. *Atlantic and Pacific Tel. Co.* v. *Philadelphia,* 190 U. S. 160; *Western Union Tel. Co.* v. *New Hope,* 187 id. 160; *Postal Tel. Co.* v. *Taylor,* 192 id. 494.

It is also insisted that if appellee had the right to provide by an ordinance for the payment of such a license fee, the ordinance was void because the fee provided was so excessive as to exceed any and all probable cost incident to the issuing of such license and inspection, etc. Appellant did not in any plea make the averment that the ordinance was invalid because the license fee was in excess of the

cost of issuing the license and of supervision and inspection of its poles and lines. The ordinance is presumed to be a valid ordinance, and the burden was upon appellant to allege and prove that the ordinance was unreasonable by reason of its providing for an excessive license fee, unless it is so grossly excessive that the court can pronounce it unreasonable as a matter of law. (*City of Springfield* v. *Postal Tel. Co. supra; City of St. Louis* v. *Western Union Tel. Co. supra.*) The municipality must necessarily exercise discretion in determining the amount to be charged, as it is impossible to tell exactly how much will be realized every time or what the exact expense will be. If, therefore, the fees exceed the cost by a sum not unreasonable, no question can arise as to the validity of the tax on account of the amount collected. Courts will not readily interfere if the tax be excessive, because of the presumption that the municipality will itself reduce the fees to the proper sum. (*Foote* v. *Stanley,* 232 U. S. 494.) The fee of one dollar per pole cannot be said to be unreasonably excessive in the absence of proof, and by the ordinance the several owners of telegraph wires on the 242 poles proved to be used by appellant for telegraph wires in said city were only jointly and severally liable for the fee on every pole on which they owned such wires, consequently the joint owners and users of said poles were not each required to pay one dollar per pole, as contended by appellant. Only $242 a year was collectible by appellee off all owners and users of the poles, but each one was liable for the whole fee on the poles he or it used.

The court did not err in refusing to admit the evidence offered by appellant which it contends would have tended to prove the license fee excessive, for two reasons: (1) For want of a plea to support such proof; and (2) had the answers of the witnesses been the most favorable to it possible on every question asked, the evidence would not have proved the ordinance fee to be excessive. It is true that

appellant is not subject to double taxation locally, but it is taxable locally on the value of its property. No tax, by way of license or otherwise, can be imposed upon its inter-State commerce except for the purposes of inspection, etc., as aforesaid. Proof that appellant had paid its taxes locally and proof of the amount of its income and receipts from intra-State and inter-State business and its expenses at its Peoria office, together with proof that appellee had not spent any money or been out any money for inspection of appellant's poles and lines and that no inspection had been made for the year ending June 30, 1913, would not be sufficient, in any event, to show that the license tax in question was unreasonably excessive. Appellee may have made arrangements for such inspection for the year in question and have omitted to have inspection made for the very reason that the license fees were not paid.

For the same reasons we cannot consider the contention that the ordinance was void because it imposes a tax or license fee upon telegraph companies and none upon telephone companies. The question of the Federal constitution being violated, which guarantees the equal protection of the laws, is neither suggested by the pleas nor by the proofs.

By agreement of the parties this suit was to be taken only as a suit to recover the license fee for one year, beginning with July 1, 1912, or for $242 for the 242 poles upon which appellant was using wires. *Prima facie* the ordinance is reasonable and is presumed to be valid, and appellant having failed to allege and prove that the license fee was so excessive that it rendered the ordinance invalid because of its necessarily being a regulation or tax on inter-State commerce, the judgment of the Appellate Court ought to be, and it is, affirmed.          *Judgment affirmed,*