(No. 12346.—Judgment affirmed.)
THE CITY OF SULLIVAN, Appellee, *vs.* MINOR BEST,
Appellant.

*Opinion filed December 18, 1918—Rehearing denied Feb. 6, 1919.*

1. MUNICIPAL CORPORATIONS—*power of a city to control its streets.* Subject to the paramount authority of the State, cities and villages have control of their streets and alleys for the purpose of preserving them and promoting their intended use, and express power is conferred by statute on cities and villages to prevent encroachment upon or obstruction of them.

2. SAME—*when an ordinance against erecting poles or wires is valid on its face.* An ordinance, general in its terms, forbidding any person entering upon the streets or alleys within the corporate limits for the purpose of erecting poles, wires, etc., or for the purpose of attaching any wires, guy wires, etc., to any pole or wire already erected, and providing a penalty for its violation, is valid on its face; and it will not be presumed that there were persons or corporations having a license from the city to do the things therein prohibited, which would render the ordinance invalid as to them.

APPEAL from the Circuit Court of Moultrie county; the Hon. FRANKLIN H. BOGGS, Judge, presiding.

JENNINGS & ELDER, VAUSE, HUGHES & KIGER, for appellant.

J. K. MARTIN, City Attorney, and E. J. MILLER, for appellee.

Mr. JUSTICE FARMER delivered the opinion of the court:

Appellant, Minor Best, together with two other employees of the Central Illinois Public Service Company,—Guy Grigsby and Clarence Lang,—was arrested, tried and convicted before a justice of the peace in Moultrie county for the violation of a city ordinance of the city of Sullivan, Illinois, appellee here. An appeal was taken to the circuit court of Moultrie county, where on a trial *de novo* before a jury each defendant was found guilty and a fine of $125

imposed on each. Motions for a new trial and in arrest were made and overruled and judgment for the sum of $125 and costs of suit was rendered against appellant. It appearing to the court that defendants Grigsby and Lang were in the service of the United States, judgment against said defendants was suspended during such service and for a period of three months after their discharge. The trial judge having certified the validity of a municipal ordinance was involved and that in his opinion public interest required a review by this court, appeal is taken direct to this court.

The ordinance under which the prosecution was had reads as follows:

"No person or persons, firm or corporation, shall enter or cause or direct any person to enter upon any street or alley within the corporate limits of the city of Sullivan, Illinois, or upon any lot, block, tract or parcel of land belonging to the city of Sullivan, Illinois, for the purpose of erecting any pole, poles, wire, guy wires, anchor-clamp, piece-iron, brace, light fixtures or any other fixtures of any kind, or for the purpose of attaching any wire, guy wire, anchor-clamp, brace, light fixtures or any other fixtures to any pole or wire already erected. Any person or persons, firm or corporation, who shall violate any of the provisions of the foregoing section of this ordinance shall be fined in a sum not less than $5 and not more than $200 for each and every offense.

"Whereas an emergency exists, therefore be it further ordained that this ordinance be passed at the same meeting at which the same is presented by the ordinance committee."

Defendants offered no evidence but moved the court, at the close of plaintiff's evidence, to direct a verdict in their favor, which motion was refused.

The principal error assigned and argued in appellant's brief why the judgment should be reversed is that the ordinance in question is unreasonable, oppressive and void. It will be seen the ordinance is general in its terms, forbids

any person entering upon a street or alley within the corporate limits of the city for the purpose of erecting poles, wires, etc., or for the purpose of attaching any wires, guy wires, etc., to any pole or wire already erected, and provides a penalty for its violation. It is not and could not be disputed that, subject to the paramount authority of the State, cities and villages have control of their streets and alleys for the purpose of preserving them for and promoting their intended use. Express power is conferred by statute on cities and villages to regulate the use of their streets and to prevent encroachments upon or obstruction of them. On its face the ordinance was one which it was clearly within the power of appellee to enact. By its terms it is of general application and there is nothing in its language to indicate any contrary purpose or intent.

As we understand appellant's argument in support of his contention that the ordinance is void because it is unreasonable and oppressive, it is based upon the supposition that there may be persons or corporations legally using the streets and alleys for the erection of poles, stringing wires and maintaining them under a grant or license from the municipality, and such persons or corporations, if there are any, are not excepted from the operation and effect of the ordinance. There is no proof in the record that appellant's employer, the Central Illinois Public Service Company, had any such license or authority from the city, nor, in fact, that any person or corporation was so occupying and using the streets under a license from the municipality. On the hearing of the objection to the ordinance and the motion of appellant to exclude it, testimony was heard by the court, in the absence of the jury, showing that the Western Union Telegraph Company and some three or four telephone companies had poles and wires in the streets and alleys, from which it is contended it should be inferred or presumed that the occupation of the streets by the persons and corporations using them was under lawful authority. It is

undoubtedly true that where a city enacts an ordinance licensing a public service company to maintain poles and wires in its streets for the necessary and reasonable conduct of its business, the ordinance, when accepted and acted upon, becomes a contract which the city cannot arbitrarily disregard or abrogate. But no such situation is presented by this record. Admitting the ordinance could not be enforced against a person or corporation acting under a grant of authority during the life of the grant, that would not make the ordinance invalid as against anyone who had no authority to obstruct or use the streets. In the absence of proof that the Central Illinois Public Service Company was lawfully occupying the streets of the appellee city under a license or grant we cannot infer or presume that it was doing so. It may be conceded that it would be unusual for a company to erect poles and string wires in the streets and alleys of a city without permission to do so, but that would not justify this court in indulging the presumption that because appellant's employer had so occupied the streets it was doing so under a lawful grant of authority. If the Central Illinois Public Service Company had any such license from the city and appellant desired to rely on it as a defense he should have proved the fact.

There is nothing whatever in the record to sustain appellant's contention that the ordinance was not intended to be enforced against anyone but appellant's employer. On the hearing of the motion before the court to exclude the ordinance, appellant attempted to prove that no lineman or employee of any of the other companies occupying the streets with poles and wires had been prosecuted under the ordinance. The court sustained an objection to the offered testimony and appellant claims this was error. The ruling was so obviously correct as to not require discussion.

The record discloses no error which requires a reversal of the judgment, and it is affirmed. *Judgment affirmed.*