## City of Edwardsville, Appellee, v. Central Union Telephone Company, Appellant.

1. MUNICIPAL CORPORATIONS—*validity of pole rental ordinance.* An ordinance imposing a fee of fifty cents per annum for each pole or post over a certain height, used to support electric or other wires or signs or awnings displayed for advertising purposes, for the use of such portion of the city street or public ground occupied by each pole or post is a rental and not a license ordinance.

2. MUNICIPAL CORPORATIONS—*license to operate telephone system as conferring right to maintain poles in street without paying rental.* An ordinance which gives to a telephone company permission to enter upon streets and other public places of a city to erect, maintain and use poles and posts thereon as part of a telephone system, but which grants no exclusive right to such company or requires it to operate for any definite period of time, does not relieve such telephone company of the necessity of paying pole rental under an ordinance thereafter passed requiring payment of compensation for each pole or post maintained on city streets or estop the city to enforce such ordinance, the rental not being shown to be unreasonable, especially where no consideration is shown for the right conferred by the ordinance.

3. MUNICIPAL CORPORATIONS—*resolution fixing terms for use of streets by telephone company as contract estopping city.* A resolution requiring a telephone company which has entered upon the streets of a city for the use of its poles under an ordinance which gives no exclusive right, and puts no time limit on such use, to furnish such city with telephone service on special terms but not for any particular period of time, as a condition to the use of the streets, does not estop the city from thereafter passing and enforcing an ordinance requiring the payment of a specified sum per annum for each pole as rental for the use of the public space occupied by such pole.

Appeal by defendant from the Circuit Court of Madison county; the Hon. J. F. GILLHAM, Judge, presiding. Heard in this court at the March term, 1922. Reversed and judgment rendered. Opinion filed September 23, 1922. Rehearing denied and opinion modified and refiled November 16, 1922.

CUTTING, MOORE & SIDLEY, CHARLES W. TERRY and CHARLES E. GUELTIG, for appellant.

GEORGE A. LYTLE, for appellee.

MR. JUSTICE BOGGS delivered the opinion of the court.

An action in debt was instituted by appellee, City of Edwardsville, against appellant, Central Union Telephone Company, in the circuit court of Madison county, to recover compensation for the use of portions of the streets, alleys and sidewalks of the city, occupied by the poles of appellant. To the declaration filed in said cause, appellant filed a plea of the general issue and four special pleas. A demurrer was filed to said special pleas by appellee and was sustained by the court. A jury was waived and a trial was had by the court on a stipulation of facts. The trial court's finding was in favor of appellee and judgment was rendered against appellant for $300 and costs. To reverse said judgment, appellant brings said record to this court on appeal.

The declaration was based on an ordinance of said city passed July 7, 1914, and known as ordinance No. 369. Said ordinance, among other things, provided that "any person, firm or corporation owning, controlling or occupying any post or pole over eight feet in height which may occupy any portion of any street, alley or sidewalk within the City of Edwardsville, Illinois, said pole or post being used to support electric or other wires of whatsoever nature, or used to support any sign or awning displayed for the purpose of advertising, shall pay annually into the treasury of said city the sum of fifty cents for each pole, or post owned, controlled or occupied by said firm, person or corporation, as compensation to said city for the use of the portion or portions of said street, alley or sidewalk which said pole or post may occupy." The principal defenses raised by said pleas and relied upon in appellant's brief and argument are, first, that appellant was not subject to said compensation ordinance because of and by virtue of an ordinance of said city dated July 7, 1882, granting the Central Tele-

phone Company, assignor of appellant, the right to construct, maintain and operate a telephone system in the City of Edwardsville; and of a resolution passed by said City on September 7, 1897; and second, that the compensation ordinance was invalid because it contravened certain provisions of the Federal Constitution, and of the State Constitution. Certain propositions of law in support of these defenses, submitted by appellant, were refused by the court.

This case first came before us at the October term, 1921. We were then of the opinion that there was a constitutional question raised on the record that would have to be passed upon by the Supreme Court and that the appeal should be taken to that court. We, therefore, entered an order transferring the record to the Supreme Court. At the April term, 1922, of that court an order was entered sending said cause back to this court for hearing, on the ground that having taken an appeal to this court, appellant waived the constitutional question sought to be raised on the record. (*City of Edwardsville v. Central U. Tel. Co.*, 302 Ill. 362.) *Indiana Millers' Mut. Fire Ins. Co. v. People*, 170 Ill. 474; *Case v. City of Sullivan*, 222 Ill. 56; *Armour & Co. v. Industrial Board*, 275 Ill. 328; *Drtina v. Charles Tea Co.*, 281 Ill. 259.

The ordinance of July 7, 1882, above referred to, is in words and figures following, to wit:

"An ordinance granting permission to erect and maintain a system of telephones, or a telephone exchange, in the City of Edwardsville, Madison County, Illinois.

"Section 1. Be It Ordained by the City Council of the City of Edwardsville, Illinois: That the Central Telephone Company, and its successors and assigns be, and they are hereby, granted the right-of-way through, in and upon the streets, sidewalks, alleys and public grounds of the City of Edwardsville, in the County of Madison and State of Illinois, for the use and purposes of therein and thereon to erect, maintain

and use all the necessary poles, or posts of wood, iron or other suitable material, and the necessary wires successfully to operate and use a system of telephones, or a telephone exchange in the City of Edwardsville, Illinois, aforesaid.

"Provided, that the said Central Telephone Company, and its successors and assigns, shall maintain and use (under proper and reasonable restrictions and rules) an office and operator on lines of telephone wires, during the continuance of the enjoyments of the privileges herein granted, at some convenient point in said city, and shall so set poles, or posts, and place the wires thereon in such places and in such manner as not to interfere with travel on said streets, sidewalks, alleys or public grounds aforesaid, and shall put and keep in good order all those parts of the same interfered with or used in the erection of said poles or posts, and shall hereafter so maintain the same in like good order.

"Section 2.  Said poles shall be so set as not to interfere with the flow of water in any gutter or drain in said city, and the points of location shall be determined under the direction of the Street Commissioner or the City Civil Engineer.

"Section 3.  The said City Council expressly reserves the right to grant the right-of-way through, in and upon said streets, sidewalks, alleys and public grounds, for the erection, maintenance and use of the necessary poles or posts and wires of any telephone company, or individuals, whenever requested, the same not to interfere with proper and successful use of the rights hereby granted to said Central Telephone Company, and its successors and assigns.

"Section 4.  The City Council shall enact such ordinances as may become necessary for the protection of telephone poles, fixtures and wires against abuse and injury."

After the passage of said ordinance and prior to 1897, the Central Telephone Company conveyed and assigned to appellant all its rights under said ordinance above referred to, known as ordinance No. 72. On September 7, 1897, the city council of said city

428    Appellate Courts of Illinois.

City of Edwardsville v. Central Union Tel. Co., 227 Ill. App. 424.

adopted the resolution above mentioned, in words and figures following:

"Resolved by the City Council of the City of Edwardsville, Illinois, that the Central Union Telephone Company, as successor and assign of the Central Telephone Company, and now in possession of and constructing a telephone exchange in this city by virtue of an ordinance passed by the City Council on the 5th day of July, 1882, and approved by the mayor on the 10th day of July, 1882, be requested to furnish to said city, for its business and use solely, and with exchange service, and without charge, so long as said company exercises unimpaired its rights under said ordinance, one (1) set of telephones to be placed where said city may by resolution designate, and any other additional telephones for city use as the City Council by resolution may call for, at twenty-five per cent (25 per cent) discount from the regular rates charged for business purposes, and that for each of said telephones, separate contracts, containing the customary provisions, shall be previously signed, having endorsed thereon the terms of payment herein provided; and the further right to attach without charge, to the top cross-arm of each of the poles erected by said company under said ordinance, the fire alarm and police wires of said city.

"Resolved, further, that said company be requested to file its written acceptance of this resolution in the office of the City Clerk."

While numerous errors are assigned on the record, those insisted upon were summarized by counsel for appellant in the conclusion of his brief and argument in which it is said: "The following doctrines seem to us to be clearly established by all of the authorities:

"1.   That ordinance No. 369 is a rental ordinance. 2.   That such a rental ordinance is unconstitutional or inapplicable as against a party having a prior valid right from the municipality to erect its poles and other equipment in the streets. 3.   That the appellant has a valid right in the streets of the City of Edwardsville because the rights granted by ordinance No. 72

required no consideration, or if a consideration be required, it was present both in the original ordinance No. 72 and in the resolution of 1897.''

An examination of ordinance No. 369, being the ordinance on which this suit is based, will disclose that it purports to be an ordinance requiring compensation for the use of the portions of the streets, alleys and sidewalks of the city occupied by its poles. So far, therefore, as the ordinance itself undertakes to specify its character, it is a compensation or rental ordinance. We are further of the opinion that under the decisions of the Supreme Court, including its opinion in this same case, it holds ordinances of this character to be rental ordinances. *City of Springfield v. Postal Tel.-Cable Co.,* 253 Ill. 346; *City of Springfield v. Interstate Tel. & Tel. Co.,* 279 Ill. 324; *City of Peoria v. Postal Tel.-Cable Co.,* 274 Ill. 568.

In *City of Edwardsville v. Central U. Tel. Co., supra,* the court at page 364, says:

''Cases involving a judgment in debt, based on ordinances of the character of the compensation ordinance involved in this case, have been before this court in *City of Springfield v. Postal Tel.-Cable Co.,* 253 Ill. 346; *City of Peoria v. Postal Tel.-Cable Co.,* 274 Ill. 568, and *City of Springfield v. Interstate Tel. & Tel. Co.,* 279 Ill. 324, where we held that the fixing of a charge in the nature of rental for the occupation by a public service corporation of parts of the streets of a city is not the exercise of any governmental power but is the exercise of the proprietary power of the city.''

The Supreme Court has, therefore, practically decided that the ordinance here involved is a compensation or rental ordinance and not a license ordinance, and we so hold in this opinion.

The next proposition urged by appellant is that it has a valid right in the streets of said city by virtue of ordinance No. 72, and that that ordinance required no consideration or, if it required a consideration, it

430    APPELLATE COURTS OF ILLINOIS.

City of Edwardsville v. Central Union Tel. Co., 227 Ill. App. 424.

was present both in the ordinance and in the resolution of 1897. No cases have been cited and we have been unable to find any exactly in point.

Ordinance No. 72 did not specify that its provisions be accepted in writing, nor did it in so many words recite a consideration for the privileges therein granted to be paid either in service or otherwise by appellant's assignors. Several cases were cited by counsel for appellant to the effect that where municipalities such as appellee passed an ordinance of the character of ordinance No. 72, or even a resolution, and a public service corporation went on and expended funds in establishing a telephone or other public utility, relying on said ordinance or resolution, the municipality has been held to be estopped to raise the question of the legality of the ordinance or resolution under the provisions of which the public service corporation has expended its funds. *People v. Union Gas & Electric Co.*, 260 Ill. 392; *People v. Central U. Tel. Co.*, 192 Ill. 307; *City of Sullivan v. Best*, 286 Ill. 315. It will be observed, however, on an examination of these authorities, that all or nearly all of them are cases where the municipality was seeking to oust the public service corporation upon the ground that it had no valid or binding contract with the city under which it could operate.

In *People v. Union Gas & Electric Co.*, 260 Ill. 392, the court, at page 395, says:

"If the defendant has been wrongfully occupying the streets, the public authorities, in the exercise of proper diligence to prevent encroachment on the public right, might have compelled the cessation of such occupation. When they not only failed to do so, but took affirmative action with the apparent approval of everyone interested, under which the situation was changed, expensive improvements were made and large liabilities were incurred, the principles of equity require that the city should be estopped. This is the principle announced in the former decision, and the

FOURTH DISTRICT—SEPTEMBER, 1922.     431

City of Edwardsville v. Central Union Tel. Co., 227 Ill. App. 424.

estoppel extends to the question of fact as to the condition of the exercise of the power as well as to all other facts. The city had power, under certain conditions, to grant permission for the use of the streets. When its action has been such that great expenditures have been made on the faith that such permission has been given, it will not be heard to say that the conditions necessary to its granting such permission did not exist.''

The question raised here is not of that character. Appellee is not seeking to oust appellant from its streets or to compel it to cease doing business in said city, but it seeks to compel appellant and any other corporation or individual that may come within its provisions to pay compensation for the use of such portions of the streets and alleys occupied by it or them with poles at the rate of fifty cents per pole per year for all poles over eight feet in height.

Ordinance No. 72 does not undertake to give to appellant's assignors the sole right, in its streets and alleys, to erect poles for telephone service, nor was appellant when it entered upon the streets of said city and erected its poles and established its telephone system compelled to operate in said city for any certain length of time. Said ordinance, in effect, gives permission to appellant's assignors to enter upon the streets and alleys of said city for the purpose of erecting poles and establishing a telephone system, with certain provisos, and without the payment of any specified consideration therefor. We are, therefore, holding that an ordinance providing that compensation shall be paid for the use of certain portions of the streets of a city, as in this case, invalid if the compensation or rental required to be paid is not unreasonable. Ordinances of this character are presumed to be valid and reasonable and the burden is on the public service corporation or individual involved to show the contrary. *City of Springfield v. Postal Tel.-Cable Co., supra; People v. Grand Trunk Western*

432     APPELLATE COURTS OF ILLINOIS.

City of Edwardsville v. Central Union Tel. Co., 227 Ill. App. 424.

*Ry. Co.*, 232 Ill. 292; 3 Dillon on Municipal Corporations (5th Ed.) 599; *City of St. Louis v. Western U. Tel. Co.*, 148 U. S. 92.

The *City of Springfield v. Postal Tel.-Cable Co., supra,* was an action in debt similar to the one at bar. The city was undertaking to collect a certain rental from the Postal Telegraph Company on its poles located in the streets of said city at the rate of $1.00 per year for some four years. The court, in discussing this question, at page 351, says:

"The appellant company was incorporated under the laws of Illinois in 1905 for the purpose of carrying on the business of transmitting telegraphic messages. It accepted the Post Roads Act of Congress of 1866, as amended in 1884. January 3, 1898, the City Council of Springfield adopted an ordinance which amended its code with reference to licenses, providing, among other things, that before any person or corporation should engage in business within the limits of said city he or it should first obtain a license."

On page 352 of its opinion the court further says:

"Counsel for appellant insist that the City of Springfield was without authority to pass the ordinance in question (that is the ordinance on which said cause of action was based). Municipal corporations are limited to powers granted in express words or those that are necessarily implied in or are incident to the powers expressly granted and those essential to the declared objects and purposes of the corporation —not simply convenient but indispensable. (*Huesing v. City of Rock Island*, 128 Ill. 465.) State legislatures have plenary power over all public highways, including streets within municipalities, which they may exercise directly or devolve upon the local or municipal authorities. (3 Dillon on Mun. Corp., 5th Ed., pars. 1022, 1222.) Legislative sanction directly given or conferred through municipal action is necessary to authorize the use of streets for posts and wires of telegraph or telephone companies. (3 Dillon on Mun. Corp., 5th Ed., par. 1220; 1 Elliott on Roads and Streets, 3rd Ed., par. 545.) Municipalities, under

such legislative authority, may demand reasonable compensation for space in the streets exclusively appropriated by telegraph and telephone companies without in any way conflicting with the act of Congress of 1866, as amended in 1884, with reference to telegraph companies, using public highways and streets. (*Western U. Tel. Co. v. Attorney General,* 125 U. S. 530; *City of St. Louis v. Western U. Tel. Co.,* 148 U. S. 93.) It is a presumption of law that the fee of a public street is in the city. (*City of Chester v. Wabash, C. & W. R. Co.,* 182 Ill. 382.) The law has long been settled in this State that any city which has the fee under the power to control its streets granted by the Cities and Villages Act may allow any use of them that is not inconsistent with public objects for which they are held. (*Sears v. City of Chicago,* 247 Ill. 204, and cases cited.) The municipalities in this State may regulate such use and fix a reasonable compensation to be paid for the same. (*Lobdell v. City of Chicago,* 227 Ill. 218.) This includes use for the poles of telegraph or telephone companies. (*Chicago Tel. Co. v. Northwestern Tel. Co.,* 199 Ill. 324; *Village of London Mills v. White,* 208 Ill. 289; *McWethy v. Aurora Elec. Light & Power Co.,* 202 Ill. 218.) Municipal corporations vested with the control of public property and property devoted to public uses within their territorial limits, including the streets and highways, can impose upon telegraph and telephone companies using the streets of the city by permission or license, and not under an irrevocable grant or franchise, a reasonable charge in the nature of a rental for the exclusive use of the parts of the streets occupied by poles. Similar charges may be imposed upon public service corporations occupying the streets of a municipality, not by way of rental but in the exercise of police power, this charge being in the nature of a license fee—not a tax on the property of the company—for the enforcement of local governmental supervision. 3 Dillon on Mun. Corp. (5th Ed.), sec. 1275; *City of St. Louis v. Western U. Tel. Co., supra; City of St. Louis v. Western U. Tel. Co.,* 149 U. S. 465; *Postal Tel.-Cable Co. v. City of Balti-*

434    APPELLATE COURTS OF ILLINOIS.

City of Edwardsville v. Central Union Tel. Co., 227 Ill. App. 424.

*more,* 156 U. S. 210; *Western U. Tel. Co. v. Borough of New Hope,* 187 U. S. 419; *Atlantic & Pacific Tel. Co. v. City of Philadelphia,* 190 U. S. 160.''

Practically the only difference in the situation in the *Springfield* case and the case at bar is that in the *Springfield* case the ordinance which the court held to be a rental ordinance, although designated a license ordinance, was adopted prior to the ordinance passed by said city giving to the Postal Telegraph Company the right to use its streets, etc. It would appear, however, that the right to collect said rentals was not insisted on by said city for a great number of years, after the passage of this ordinance.

In the *City of Peoria v. Postal Tel.-Cable Co., supra,* the court there held that a municipality can require a telegraph company to pay a license fee, not to exceed the probable expense of supervision and inspection of its poles and wires. The ordinance in that case designated it to be a license fee and the court so held. The ordinance was passed after the public service corporation had erected its poles and established its telegraph system.

It is further contended by counsel for appellant that although ordinance No. 72 did not contain a provision with reference to a consideration to be paid by appellant's assignor, that the resolution adopted on September 7, 1897, did so provide and that said resolution was accepted by appellant and that appellant had paid the consideration therein set forth. A municipality, such as appellee, binds itself in contracts and not by resolutions except, where as above stated, the courts may hold that on account of acts done on the faith of a resolution, the city may be estopped to question the legal and binding force of the same.

In *McDowell v. People,* 204 Ill. 499, the court, in discussing this same question on page 502, says:

''It is thus clearly shown that the order in question lacked the requirements which the statute makes necessary in order to constitute a valid ordinance. The

order in question was nothing more than a mere resolution, and in no sense an ordinance.  *  *  *  A resolution or order is not a law, but merely the form in which the legislative body expresses an opinion. An ordinance prescribes a permanent rule of conduct or government while a resolution is of a special and temporary character. Acts of legislation by a municipal corporation which are to have continuing force and effect must be embodied in ordinances, while mere ministerial acts may be in the form of resolutions.''

The resolution in question did not undertake to bind appellant to render service therein designated to the city for any particular length of time, but only so long as appellant might operate said telephone system in said city. We do not think that the resolution in question had the effect of barring appellee from passing the ordinance on which this suit is based requiring payment of rents as above set forth. If this ordinance were in the nature of a police regulation requiring a license to be paid of so much per pole per year, then clearly under the holding of the Supreme Court in the *City of Peoria v. Postal Tel.-Cable Co., supra,* it would have been valid and binding and an action in debt to recover the amount thereon would lie.

It appears from the stipulation of the parties contained in the record that appellant owned and controlled in the streets of the City of Edwardsville one thousand poles over eight feet in height and that said control and occupation was continuous from July 7, 1914, to time of the institution of this suit, a period of five years. The amount therefore which appellee would be entitled to recover would be limited to $2,500. As this is a matter of mere computation to be made on the stipulation of the parties, and the jury having been waived in the trial court, it is unnecessary for us to reverse and remand this case. Said judgment is therefore reversed and judgment is entered in this court against appellant and in favor of

appellee for the sum of $2,500, with interest thereon at the rate of five per cent per annum from October 30, 1920, the date of the judgment rendered in the circuit county court, to the date of the filing of this opinion as modified.

Opinion as modified ordered refiled and rehearing denied.

*Reversed and judgment rendered.*