(No. 11036.—Judgment affirmed.)

THE CITY OF SPRINGFIELD, Plaintiff in Error, *vs.* THE INTER-STATE INDEPENDENT TELEPHONE AND TELE-GRAPH COMPANY, Defendant in Error.

*Opinion filed June 21, 1917.*

1. MUNICIPAL CORPORATIONS—*city not required to grant privileges to all public service corporations on same terms.* The power of a city to grant privileges in the use of its streets is discretionary and is not required to be exercised by a general ordinance applicable alike to all public service corporations but each case may be acted upon with reference to its own conditions and circumstances.

2. SAME—*a city may impose such conditions for the acceptance of a license as it deems advisable.* The city council may, in its discretion, grant a license for the occupation of the streets without qualification or may impose such conditions upon the giving of its consent to any particular company as it deems advisable, although there is in existence a general ordinance imposing conditions for the use of streets.

3. SAME—*a charge for use of streets is an exercise of city's proprietary right.* The fixing of a charge in the nature of rental for the occupation by a public service corporation of parts of the streets of a city is not the exercise of any governmental power but is the exercise of the proprietary power of the city.

4. SAME—*ordinance granting the privilege of using streets becomes a contract upon acceptance.* Where the privilege of the use of a street is granted by an ordinance which is accepted and acted upon by the grantee the ordinance becomes a contract binding upon the city, and the expression of the consideration for the privilege granted, in the manner and for the purpose mentioned, excludes the right to demand another and different consideration, and an express subjection to specified police regulations excludes the right to otherwise regulate the rights of the grantee under the ordinance.

5. CONSTRUCTION—*a particular provision will prevail over and be treated as an exception to a general provision.* A particular provision or special ordinance relating only to one subject will prevail over and be treated as an exception to a general provision or ordinance in which the subject is included.

WRIT OF ERROR to the Appellate Court for the Third District;—heard in that court on appeal from the Circuit Court of Sangamon county; the Hon. JAMES A. CREIGHTON, Judge, presiding.

FRANK L. HATCH, Corporation Counsel, and A. D. STEVENS, City Attorney, (TIMOTHY McGRATH, of counsel,) for plaintiff in error.

FRED A. DOLPH, and BEN B. BOYNTON, (E. J. MARSHALL, of counsel,) for defendant in error.

Mr. JUSTICE DUNN delivered the opinion of the court:

The city of Springfield recovered a judgment in the circuit court of Sangamon county in an action of debt against the Inter-State Independent Telephone and Telegraph Company for $2800. The Appellate Court for the Third District reversed the judgment without remanding the cause, and the plaintiff has brought the record here by writ of *certiorari* for review.

The action was for remuneration for the use of portions of the streets, alleys and sidewalks of the city occupied by the poles of the defendant, and was based upon an ordinance of the city of August 5, 1901, which provided that any person, firm or corporation owning, controlling or occupying any pole over eight feet high which may occupy any portion of any street, alley or sidewalk within the city and be used to support wires, signs, awnings or display for the purpose of advertising, should pay annually the sum of one dollar for each such pole as a remuneration to the city for the use of the portion of the street, alley or sidewalk occupied by such pole. The defenses relied upon were, first, that the ordinance under which the action was brought was not legally enacted; and second, that the defendant was not subject to the ordinance because of the terms of an ordinance of December 9, 1901, granting to the assignors of the defendant the right to construct, maintain and operate a telephone system in the city of Springfield. This ordinance authorized the construction, maintenance and operation of a telephone system in the streets, alleys and public grounds of the city through underground pipes, conduits,

wires and other fixtures and aerial poles, posts, wires and other fixtures, the construction to be commenced within nine months after the passage of the ordinance and the system to be in operation within two years. The grantees were required to furnish to the city, free of charge, one duct in each conduit constructed within the fire limits for the purpose of carrying the wires of the police and fire departments, and one duct in each conduit where underground wires may be laid outside of said fire limits, and space on the cross-arms of any poles outside of the fire limits, for the wires for the fire and police departments. It was provided in section 5 that in consideration of the rights granted, the grantees in the ordinance, their successors and assigns, agree to place and maintain a telephone of the latest improved type in each of the offices of the city hall and each of the fire engine houses and school houses in the city, at the police department and all other public offices, including a pumping station at the water-works and the reservoir, and in case any additional telephones were desired by the city they should be placed, operated and maintained at fifty per cent discount from the regulation rates. It was further provided that the rights of the grantees under the ordinance were to be subject to all the police regulations that might be legally adopted by the city of Springfield; that the council might make such regulations as were proper as to the character of poles and wires to be used, their location and the manner in which they should be painted and cared for; that the ordinance should be in force twenty years, and the grantees should file, in writing, their acceptance with the city clerk within ten days after its approval by the mayor or all rights under it should be deemed to have been waived. The defendant built and operated its telephone system under this ordinance and during the year 1914 occupied portions of the streets and alleys by 2800 poles over eight feet high but did not pay to the city any remuneration for such poles.

An ordinance in the exact terms of the ordinance of August 5, 1901, was under consideration in the case of *City of Springfield* v. *Postal Telegraph-Cable Co.* 253 Ill. 346, and it was there held that the charge of one dollar a pole provided for in the ordinance was a charge in the nature of rental, which the telegraph company was required to pay as a reasonable compensation for the use of the parts of the streets and alleys occupied by its poles, and that the city had the authority to impose such a charge. A city is not required to grant privileges to all public service corporations on the same terms. The power of permitting the use of the streets is discretionary and is not required to be exercised by a general ordinance applicable alike to all cases, but each case may be acted upon with reference to its own conditions and circumstances. The city council may, in its discretion, grant a license for the occupation of the streets without qualification, or may impose such conditions upon the giving of its consent to any particular company as it deems advisable. (*Chicago General Railway Co.* v. *City of Chicago,* 176 Ill. 253.) The ordinance was not a police ordinance. It was not passed for the enforcement of local governmental supervision, but only to establish a charge in the nature of rental for the exclusive use of parts of the streets. The fixing of a charge in the nature of rental for the occupation by a public service corporation of parts of the streets of a city is not the exercise of any governmental power but is the exercise of the proprietary power of the city. When the privilege of the use of a street is granted by an ordinance which is accepted and acted upon by the grantee, it becomes a contract binding upon the city, from which it cannot recede. (*Chicago Municipal Gas Light Co.* v. *Town of Lake,* 130 Ill. 42; *City of Belleville* v. *Citizens' Horse Railway Co.* 152 id. 171; *Village of Madison* v. *Alton, Granite and St. Louis Traction Co.* 235 id. 346.) The ordinance of August 5, 1901, was general in its terms. It applied to all cases, but the

city council still had the right to permit the occupation of the streets for lawful purposes upon such terms as it deemed for the best interest of the public. By the ordinance of December 9 it proposed to the persons named in it a contract for the occupation of the streets by a telephone system on the terms stated. This was a special ordinance, and it is a well settled rule of construction that where there are two provisions, one of which is general and another particular and relating to only one subject, the particular provision must prevail and be treated as an exception to the general provision. (*Dahnke* v. *People,* 168 Ill. 102.) The ordinance was expressly subject to all the police regulations that might be adopted by the city, and provided that the city council might make such regulations as were proper as to the character of poles and wires to be used, their location and the manner in which they should be painted and cared for, but it was not made subject to any other provision, and on its face purported to be an ordinance covering the whole subject of the occupation of the streets of the city by the persons named for the purposes stated. The expression in the ordinance of the consideration for the right to occupy the streets in the manner and for the purpose mentioned in the ordinance excluded the right to demand another and different consideration for the right so to occupy the streets. The express subjection in the ordinance to police regulations excluded the right to otherwise regulate the rights of the grantees under the ordinance. They were given ten days in which to accept the ordinance, and upon its acceptance and the construction of the system of telephones it became a contract whose terms were binding upon the city and the telephone company and could not be varied by either without the consent of the other. The passage of the ordinance and its acceptance by the grantees exempted the grantees from the general provisions of the ordinance of August 5, 1901, and the city has no right to demand from the telephone company the

payment of any other consideration than that named in the ordinance, as remuneration for the occupation of the streets and alleys by its poles.

The judgment of the Appellate Court is affirmed.

*Judgment affirmed.*