PERKINS, FELLOWS & HAMILTON

*v.*

STATE OF ILLINOIS.

*Opinion filed April 27, 1921.*

MUNICIPAL CORPORATION—*Commissioners of Lincoln Park Board are a municipal corporation.* The Commissioners of Lincoln Park Board are a municipal corporation organized for the purpose of creating, improving and maintaining a system of parks, boulevards and driveways.

SAME—*implied powers.* Every municipal corporation has the power to sue and be sued, and the power need not be expressly granted, but it is implied as a necessary incident to its creation.

CONTRACTS—*its power to contract.* As a municipal corporation the Commissioners of Lincoln Park have the power to sue and be sued and to enter into contracts to carry out the purpose for which it was created.

JURISDICTION—*Court of Claims without jurisdiction.* The Commissioners of Lincoln Park being a municipal corporation and capable of suing and being sued, this Court is without jurisdiction to entertain this suit.

Edward J. Brundage, Attorney General, for State.

The claimants have filed a claim for a sum alleged to be due them for labor and services performed as architects at the special instance and request of the Commissioners of Lincoln Park. They allege that they brought suit against the commissioners in the Municipal Court in Chicago upon the aforesaid claim, that the commissioners filed a special appearance in that suit maintining that the Court had no jurisdiction of actions against said commissioners and that they are not a body corporate and have not the power to sue and be sued but they are only a branch or agency of the State of Illinois. The question of jurisdiction was not determined in that Court, the case being continued for the purpose of enabling the plaintiffs to file their claim in this Court. The State has filed a plea to the jurisdiction to this Court setting up that the Board of Commissioners of Lincoln Park is a municipal corporation and that the power to sue and be sued is a necessary incident to every municipal corporation and need not be expressly granted and that the Court of Claims has no jurisdiction over suits against the commissioners of Lincoln Park. The claimants take issue with these contentions raising the question of the jurisdiction of this Court. The Board of Commissioners at Lincoln Park was created by an Act of Legislature approved and in force Feb. 8, 1869, and in the same month Acts were passed by the Legislature creating the West Park and South Park Boards, these three Acts being commonly known as the Park Acts. The functions exercised by the Park Boards are substantially the same as to all three boards. The commissioners of Lincoln Park have been given power in the Acts cited and in subsequent Acts to pass ordinances, ap-

point engineers, surveyors, clerks and prescribe their duties and authority, to possess all the power and authority now by law conferred on the common council of the City of Chicago in respect to the public squares and places in the city and to vacate any public street or alley within the limits of the park to appoint and support a police force, to hold title to lands in trust and under exclusive control, to sell land, borrow money and exercise many other of the functions of a municipality.    The Supreme Court of Illinois has already decided a number of cases that the commissioners of West Park and of South Park are municipal corporations.

*West Chicago Park Commissioners* v. *Chicago,* 152 Ill. 392.
*People* v. *Salomon,* 51 Ill. 37.
See also 167 Ill. 326; 134 Ill. 170; 103 Ill. 33.

While the intention of the Court as to how far these rulings would apply to the commissioners of Lincoln Park has perhaps been uncertain up to the filing of this claim, the recent case of the *People* v. *The Chicago Motor Bus Company* decided in 295 Ill. 486 expressly declares that they are of this character. The Court there said "the extent of the powers conferred on park commissioners by Legislative Acts has been passed upon by this Court in several cases and it was held the park commissioners are a municipal corporation for the purpose of creating, improving and maintaining a system of parks, boulevards and driveways, and that their powers and authority in these respects are plenary and exclusive of those of the City of Chicago." Citing a number of cases the Court adds "these decisions recognize the powers of the park commissioners with reference to the use and regulation of streets and boulevards under their control except as to street intersections, and that such powers are not concurrent with the powers of the city." This disposes of the claimants' contention that the Board of Park Commissioners of Lincoln Park are not a municipal corporation and it is the opinion of this Court that this decision in its effect practically decides the question before us. The power to sue and be sued and to enter into contracts to effectuate the purposes for which it was created, need not be expressly granted to a municipal corporation to the extent necessary to execute the powers and functions with which it is endowed there is in such a body implied authority to contract obligations and to sue and be sued, citing Cooley, Constitutional Limitations, (2nd Edition) P. 194.

2 Dillon on Municipal Corporations, P. 1139.

It is the opinion of this Court that the purpose of the Acts creating the Park Board of Chicago and subsequent Acts and amendments relating thereto to be gathered therefrom and from the decisions of our Supreme Court relating thereto, was to create substantially similar bodies having similar functions, powers and duties and this opinion is especially confirmed by the recent case of the *People* v. *Chicago Motor Bus Company* above cited. The Court of Claims has no jurisdiction over suits against municipal corporations and it therefore follows from the opinion above expressed that it can have no jurisdiction in this case. The claim is accordingly dismissed.