(No. 25393.—)
THE VILLAGE OF WEST CITY, Appellant, *vs.* THE ILLINOIS
COMMERCIAL TELEPHONE COMPANY, Appellee.

*Opinion filed December 15, 1939.*

EOVALDI & EOVALDI, (B. W. EOVALDI, Village Attorney,) for appellant.

ROY C. MARTIN, and STEVENS & HERNDON, for appellee.

Mr. JUSTICE FARTHING delivered the opinion of the court:

The Village of West City recovered a judgment before a justice of the peace in Franklin county for $103, and costs, against the Illinois Commercial Telephone Company for failure to pay one dollar per year per pole for the use of the streets and alleys of the village for its telephone lines.

On appeal to the circuit court judgment was entered for the defendant. We have jurisdiction because the trial judge certified that the validity of a municipal ordinance is involved and that the public interest requires a direct appeal.

On May 17, 1912, the village board of trustees of West City passed an ordinance granting to the Ohio and Mississippi Valley Telephone Company, its successors and assigns, a franchise to install telephone poles in the streets, alleys and public ways of the village. The ordinance provided that for and in consideration of the benefits to be derived by the inhabitants from the installation and maintenance of telephone service in the village by the grantee and the further consideration that it furnish the village free of charge one telephone to be installed in the village hall and maintained at the expense of the company, the right was granted to the company, its successors and assigns, to erect and maintain on the streets, alleys and public highways of the village, the poles, wires and fixtures, necessary and convenient for supplying telephone service. The company agreed to hold the village harmless from all damages arising by reason of any negligence on its part in the premises. Power to grant a like right-of-way to any person or persons for similar uses was reserved to the village and it was given the right to place and maintain, under the supervision of the company, its fire alarm and police wires upon the top cross arms of the company's poles. The Ohio and Mississippi Valley Telephone Company had been incorporated in 1906 for ninety-nine years. This company consolidated with the Murphysboro Telephone Company in 1913, and the rights conferred by the ordinance have since come, by assignment through different companies, to the Illinois Commercial Telephone Company, appellee. The Murphysboro Telephone Company sold its rights in the franchise in 1924 and was legally dissolved in 1925. The regularity of the transactions by which appellee acquired ownership of the franchise is not questioned.

On March 7, 1938, the village board adopted a resolution repealing and revoking the franchise granted by the ordinance of 1912, and passed the ordinance held invalid by the circuit court. It levied an annual charge of one dollar per pole for the use of the portion or portions of the streets, alleys, or sidewalks occupied by each pole over eight feet high.

It is stipulated that on May 1, 1938, appellee had 76 poles and served 19 subscribers in the village. Appellee and its predecessors had furnished the free telephone as required by the ordinance of 1912. It is admitted that appellee has replaced nearly all of its system with new poles, wires, and instruments since it acquired the property in 1928, and, since 1913, the original equipment has been replaced or renewed one or more times.

Appellant contends that a charge of one dollar per pole per year for the use of the streets and alleys of the village is reasonable. It also insists that villages have no power to grant perpetual franchises and that no right in perpetuity is to be inferred from the silence of the franchise as to the length of time it is to run; that the grant to appellee was limited to the life of the Ohio and Mississippi Valley Telephone Company; that the ordinance granted only a license revocable at the will of the village, and that the license expired when the Murphysboro Telephone Company was dissolved in 1925. Appellee contends that the ordinance of 1912, when accepted, became a contract binding upon both parties, and that the franchise was to last for the life of the Ohio and Mississippi Valley Telephone Company which had been chartered, in 1906, for 99 years. It does not claim a perpetual franchise, nor one for 999 years, the term of its incorporation. When a municipality grants a franchise or license to use a street for a lawful purpose for an adequate consideration by an ordinance which is accepted and acted upon by the grantee, the grant is not a mere license but becomes a contract binding upon the parties and

it cannot be revoked or rescinded except for cause. (*City of Springfield* v. *Interstate Telephone Co.* 279 Ill. 324, 327; *Village of Madison* v. *Alton, Granite City and St. Louis Traction Co.* 235 id. 346, 349; *People* v. *Central Union Telephone Co.* 192 id. 307, 310.) If the franchise or license provides for a definite payment or consideration, the municipality cannot demand additional rental or compensation for the use of its streets. (*City of Springfield* v. *Interstate Telephone Co. supra.*) A grant to a corporation of a right to use public streets which fixes no definite time for the continuation of the right is construed, in the absence of anything to show a contrary intention, as a license for the life of the grantee corporation. (*People* v. *Commercial Telephone and Telegraph Co.* 277 Ill. 265, 269; *St. Clair County Turnpike Co.* v. *People,* 82 id. 174, 96 U. S. 63, 24 L. ed. 651, 652.) Such a franchise is assignable when it is given to the grantee "its successors and assigns." *People* v. *Central Union Telephone Co. supra.*

The facts in the case under consideration are quite similar to those in *City of Springfield* v. *Interstate Telephone Co. supra.* There the city of Springfield recovered a judgment in the circuit court of Sangamon county in an action of debt against the telephone company under an ordinance similar to the one here questioned. The defendant relied upon an ordinance of December 9, 1901, granting to its assignors the right to construct, maintain and operate a telephone system in Springfield. This ordinance required the grantees to furnish to the city, free of charge, one duct in each conduit constructed within the fire limits for the purpose of carrying the wires of the police and fire departments, and one duct in each conduit where underground wires might be laid outside of the fire limits, and space on the cross arms of any poles outside of the fire limits, for the wires for the fire and police departments. The company also agreed to furnish a telephone for each city office. The ordinance was accepted by the grantee and defendant

built and operated its telephone system. In 1914, it had in the streets and alleys of Springfield 2800 poles over 8 feet high, but it refused to pay one dollar per pole as required by the earlier ordinance. The judgment for the city was reversed in the Appellate Court and, on *certiorari,* this court affirmed the Appellate Court judgment. We held that the franchise ordinance, upon its acceptance and the construction of the system of telephones, became a contract the terms of which were binding upon the city and the telephone company and could not be varied by either without the consent of the other. This court said that the expression, in the ordinance, of the consideration for the right to occupy the streets in the manner and for the purpose mentioned in the ordinance excluded the right to demand another and different consideration for that right. In the view of this holding, and of the other decisions of this court referred to above, appellant's contention that the ordinance of 1912 created a mere license revocable at the will of the village is untenable.

Appellee's point that it obtained a franchise for the remainder of the life of the Ohio and Mississippi Valley Telephone Company, is well taken. Appellant's argument that, by the merger of the original grantee with the Murphysboro Telephone Company and the dissolution of the latter company in 1925, the franchise expired, ignores the fact that the grant was for the life of the Ohio and Mississippi Valley Telephone Company, a determined period, and that the grant was assignable. The franchise having been regularly assigned to appellee it would make no difference whether the original grantee or any of the other intervening holders were afterward dissolved. A contrary holding would nullify the provisions in the ordinance which made the franchise assignable.

Appellee does not insist that it has a perpetual franchise and so we need not discuss the power of a municipality to grant one. As we have already shown that the ordinance

of 1912 created a contract between the village of West City and the Ohio and Mississippi Valley Telephone Company, its successors and assigns, we need not consider the proposition that a license at will is revocable, as no such license is involved. The appellant insists that it is not estopped to revoke the franchise because the appellee has spent large sums of money in building, maintaining and replacing its telephone system in reliance upon the franchise. Since the franchise was a binding contract and not a license, there is no need of invoking the doctrine of estoppel in this case. A discussion of the authorities cited on that proposition is unnecessary.

The judgment of the circuit court of Franklin county was right, and it is affirmed.

*Judgment affirmed.*