(No. 30818.—

HOWARD F. MACNEIL, Appellant, *vs.* CHICAGO PARK DIS-
TRICT *et al.,* Appellees.

*Opinion filed November 18, 1948.*

STUART B. BRADLEY, (SEAGO, PIPIN, BRADLEY & VET-TER, of counsel,) both of Chicago, for appellant.

PHILIP A. LOZOWICK, (MARTIN G. LOEFF, of counsel,) both of Chicago, for appellees.

Mr. CHIEF JUSTICE FULTON delivered the opinion of the court:

This is an appeal from a decree of the superior court of Cook County dismissing the complaint of the appellant herein. The trial judge certified that the validity of a municipal ordinance was involved and that the public interest requires an appeal direct to this court.

Howard F. MacNeil, hereinafter called appellant, brought suit to enjoin the Chicago Park District from collecting harbor fees on behalf of himself and all other boat owners similarly situated.

The complaint alleges that appellant is the owner of a sailboat, which he operates on the navigable waters of Lake Michigan and its connecting and tributary channels; that the Chicago Park District exercises control of certain harbor areas, all of which are navigable waters of the United States; that the laws creating the park district (Laws of 1933, p. 725; Ill. Rev. Stat. 1947, chap. 105, par. 333.1,*et seq.*) gave to the park district all lands theretofore existing as park districts in the city of Chicago, investing it with all the powers theretofore vested in park districts or corporate authorities and providing that the lands and premises acquired by the park commissioners shall be held, managed and controlled as a public park for the recreation, health and benefit of the public and free to all persons forever, subject to such necessary rules and regulations as shall, from time to time, be adopted by the commissioners for the well-ordering and government of the same; that in an act of the General Assembly (Bradwell, Laws of 1895, p. 193,) the commissioners were given power

to enlarge such parks by reclaiming submerged lands under public waters, which act was amended to provide that when public parks bordered upon Lake Michigan, the title to submerged lands under all lagoons and boat harbors along or near the shore of the lake and which were connected with Lake Michigan by inlets or passages, was vested in the boards of commissioners of the parks, and that such lagoons and boat harbors should be subject to the jurisdiction of the board, provided that no ordinance, rule or regulation of the commissioners regarding said lagoons or boat harbors shall be inconsistent with the navigation laws of the United States; that said act was amended in 1927 to provide that such reclaimed lands should be held for the purpose of creating, constructing and maintaining lagoons and harbors for boats and for establishing and maintaining rules and regulations for the use and enjoyment of such lagoons and harbors by the public; that in 1931 the law as amended aforesaid was repealed by legislation for the reclaiming of submerged lands and the creation of harbors, the cost to be paid from general revenues or from proceeds of interest-bearing bonds; that prior to the establishment of the Chicago Park District, the several park districts within Chicago assessed a nominal charge for the issuance of mooring permits, that the Chicago Park District thereafter assessed a charge of $1 per foot of overall length until 1942, when it issued a graduated schedule of fees according to the size of vessels granted permits to moorings in said harbors; that the board of commissioners adopted a resolution providing for a schedule of harbor fees which was made a part of the complaint; that the park district, by ordinances, has ruled that no boat will be permitted in waters under the control of the park commissioners without first obtaining a permit; and that in order to obtain a permit to use the harbors, the commissioners require owners to make application for mooring permits and pay the harbor fees; that the control and management of the

harbors is a governmental function exercised by the commissioners who are vested with no legal authority to charge for the use of moorings and harbor facilities; that the harbors are part of the navigable waters of Lake Michigan, which have been left in their original navigable state when submerged lands were filled in for park purposes, such method of reclamation being less expensive and more desirable; that the Chicago Park District has taken park property subject to original grants which provide that the use thereof shall be free to all persons forever; that the plaintiff and numerous other residents and taxpayers who own boats have no place to moor or dock except in the said harbors, and that the enforcement of the legal ordinance and harbor fees will work irreparable injury and result in a multiplicity of suits unless the defendants are enjoined from enforcing the ordinance and collecting the fees.

As a second cause of action the appellant repeats and realleges the facts set forth in the complaint and also states further allegations that the fees are unreasonable, arbitrarily excessive and bear no reasonable relation to the cost of regulation and to any special services rendered to boat owners.

The complaint prays the enjoining of the appellees from enforcing the ordinances and regulations requiring the payment of harbor fees; that the court shall find that the harbors are public, navigable waters, forever free for use of the public; and that if the court finds certain special services are being rendered for which boat owners are legally responsible, then the appellees shall be enjoined from collecting more than the reasonable cost of such special service.

The Chicago Park District and its commissioners, hereinafter referred to as appellees, filed a motion to strike the complaint and dismiss the action. The motion set forth that the suit of appellant as a taxpayer was barred because

there was no showing of a special damage to him or any diversion of public funds; that his suit as an individual was barred because he has an adequate remedy at law and that he cannot seek relief as an individual or on behalf of the public generally in the absence of special damage or diversion of funds and no basis for a representative suit is shown; that he has shown no legal right to free, unlimited use of harbor facilities without a permit; that the complaint fails to set forth facts showing that the harbors are navigable waters or that appellees were violating navigation laws; that the complaint shows the harbors constitute a part and parcel of the park district, are subject to the control, ownership, management and supervision of the commissioners and were artificially created by reclamation under statutory authority; that the complaint sets forth no provisions of the navigation laws of the United States controlling the harbors as navigation waters or which are inconsistent with the ownership and control of said harbors by the park district; that the complaint shows the power and authority of the commissioners to establish rules and regulations for the use and enjoyment of the harbors by the public and that the general ordinance of the park district provides that the permit charges are in connection with the use of docks and moorings and not for ingress and egress to the harbors themselves; that the park as a governmental agency has the right to charge for special-privileged, exclusive use of facilities; and that the fees charged are in the nature of compensation in return for the sole and exclusive use of mooring and harbor facilities; that the fees are in the nature of a rental and that said fees are not shown in the complaint to be arbitrary.

In his argument the appellant contends in effect that the waters of the harbors are navigable waters, held in trust for navigation of the public which has an easement regardless of the ownership of the soil and that any requirement of a permit to enter and use the harbors amounts to the

imposition of a license tax which is an unconstitutional exercise of municipal authority. Both appellant and appellees spend a considerable portion of their briefs in arguing whether the question of whether or not the waters are navigable is a question of fact to be alleged in detail in the pleading, or a question of law. We do not feel that a discussion of this question is pertinent to a decision in this cause. Assuming for the purpose of decision that the waters in question are navigable in law, it would seem that the primary questions involved are: (1) whether or not the fee prescribed by the park district ordinance is an unconstitutional exercise of municipal authority over navigable waters and (2) whether or not the statutes of the State of Illinois delegate the power to the park district to impose such a fee.

In his argument, setting forth the thought that such a fee is a burden on interstate commerce, the appellant relies upon the case of *Harmon* v. *City of Chicago,* 147 U. S. 396, which held that an ordinance which required all steam tugs travelling upon the Chicago River or its branches to obtain a license and pay an annual license fee was invalid. It appeared that the operation of the tugs in that case involved the towing of vessels to and from the lake into the river. The court, in its opinion, stated that the license required by the ordinance was not demanded as compensation for any improvement of the harbor, but merely for the operation of the tugs which were engaged in interstate commerce. The court then held that the license fee required was a tax on interstate commerce and invalid. To similar effect is *Cannon* v. *New Orleans,* 87 U. S. 577.

The appellees, in answering this proposition of the appellant, cite a line of cases represented by *People ex rel. Hoyne* v. *Chicago Motor Bus Co.* 295 Ill. 486; *City of Springfield* v. *Inter-State Independent Telephone and Telegraph Co.* 279 Ill. 324; *Chicago General Railway Co.* v. *City of Chicago,* 176 Ill. 253, for the principle that where

a charge is made for the use of particular park facilities or facilities of a municipality, such a requirement is a rightful one inasmuch as it is in the nature of a rental for the use of special facilities. These cases involved charges for the use of streets, but the principle set forth is applicable here. The appellees point out, under this section of the argument, that the cases cited by the appellant under this theory recognize the right of a municipality to charge for the use of facilities even though the waters involved were navigable within meaning of interstate commerce. The opinion in *Harmon* v. *City of Chicago* referred to *Huse* v. *Glover*, 119 U. S. 543. In that case the court stated that tolls could be charged for passage through locks as compensation for the use of artificial facilities constructed and that such tolls were not a charge upon the navigation of the stream. The provision that navigable streams should be highways without any tax or duty has reference to navigability in their natural state and does not contemplate that such navigation might not be improved and the opinion holds that such charges are similar to charges for the use of wharves and docks.

We feel that the holdings in the decisions of this court and in the case of *Huse* v. *Glover* find reasonable application here. The ordinance setting forth the fees in question, with all reasonable intendments, provides that the harbor shall not be used unless a permit to use the harbor for the purpose of mooring or docking be obtained. This is, obviously, under the holdings in the cases cited by appellees, a fee for the use of special facilities, and under the holding in *Huse* v. *Glover* we can find no interference with the navigability of the waters nor with interstate commerce.

The appellant then urges that the park district is a municipal corporation and as such can exercise only the powers delegated to it by State statute. Connected with this is his argument that the property is held in trust for the free use of the public and that the park district has no

authority to charge for harbor facilities. The principal case relied on by the appellant herein is that of *LePitre* v. *Chicago Park Dist.* 374 Ill. 184. The case involved the liability of the park district for injury caused by alleged negligent highway construction, and we there held that the regulation of the parks was a governmental, as distinguished from a proprietary, function. The case is correctly cited for the principle that the act of 1869, directing that lands acquired should be held for the recreation, health and benefit of the public free to all persons forever, created a corporation rendering governmental service to the general public. To like effect is *Condon* v. *Village of Forest Park*, 278 Ill. 218, and *Quinn* v. *Irving Park Dist.* 207 Ill. App. 449.

The mere fact that the commissioners of the park district in exercising their authority are rendering a governmental service does not of itself preclude the charging of a fee for the use of special facilities. This court has often allowed park districts to charge fees and to require the public to pay such fees in order that the public might avail itself of the uses and privileges of the park. For example in *Carstens* v. *City of Wood River*, 344 Ill. 319, a fee was allowed for the use of showers, dressing rooms and lockers. In *Love, Admr.* v. *Glencoe Park Dist.* 270 Ill. App. 117, a charge for the use of a bathing pool was upheld.

It follows that the right of the park district to charge for the use of special facilities must finally be determined by the question whether or not there was a delegation of authority to the park district to require such fees. The appellant argues that there is no specific statute in any legislation in the State of Illinois which authorizes harbor fees and cites *Condon* v. *Village of Forest Park*, 278 Ill. 218, and *Potson* v. *City of Chicago*, 304 Ill. 222, for the principle that a municipal corporation exercises only delegated powers, that such powers are strictly construed and that any doubts must be resolved against the municipality.

It is to be noted that we are unable to determine from the pleadings in the case when the lands and harbors were acquired. We find, however, that there is authority in the statutes of the State of Illinois permitting the assessment of such fees against the users of the harbors and lagoons, in that the Submerged Lands Act (Laws of 1931, p. 689; Ill. Rev. Stat. 1947, chap. 105, pars. 79 to 85a,) in section 6 provides that the submerged lands granted shall be held, among other things, for the purpose of creating, constructing and maintaining lagoons and harbors for boats, and for establishing and maintaining rules and regulations for the use thereof by the public. The power to establish and maintain rules and regulations must, in view of the *Glencoe Park District case,* and in view of the holding in *Carstens* v. *City of Wood River,* 344 Ill. 319, carry with it the power to establish fees for a special use of park facilities. We know of no case which holds that a particular act complained of, such as the assessment of harbor fees in this case, must be supported specifically in exact words in a statute. We, therefore, hold that, in the circumstances of the case at bar, the power to establish and maintain rules and regulations for the use of lagoons and harbors by the public carries with it the power to require a reasonable fee for the use of such special facilities.

The final argument of appellant is that the fees are greatly in excess of, and bear no reasonable relation to, the cost of regulation or of any special service rendered to boat owners. The principal case relied upon by appellant under this portion of his argument is *Keckevoet* v. *City of Dubuque,* 158 Iowa, 631, 138 N.W. 540, wherein the court recognized the right to charge reasonable fees for the use of special facilities, but held that unreasonable fees amount to a tonnage tax.

The appellees point out that the theory contended for by the appellant requires that the ordinances be passed under the police power, and in the instant case the fees are in the

nature of a rental for specially-privileged and exclusive use. The appellees further point out that the rates and charges in the instant cause are based upon the length of the vessels and the nature of the facilities used, are graduated and apply equally to all persons seeking the use of such facilities. In the case of *City of Springfield* v. *Inter-State Independent Telephone and Telegraph Co.* 279 Ill. 324, wherein this court held that a charge for the use of facilities for public space was in the nature of a rental, we further held that such an ordinance was not a police ordinance, but only established a charge in the nature of rental. The question of determination of the amount of a rental charge would seem to be discretionary, in the instant case, in the park commissioners. We have held that where the performance of official duty involves the exercise of the judgment or discretion of a municipal officer and where such officer has considered and determined what his course of action will be, and he has exercised his discretion, his action is not subject to review or control. (*Coughlin* v. *Chicago Park Dist.* 364 Ill. 90.) The case cited further held that when a statute vested discretion in a municipal body to determine any manner or thing, it is not the province of the court to control the exercise of that discretion.

Examination of the schedules attached to, and made a part of, the complaint disclose a graduated scale of charges for special facilities, and we are unable to see that on their face they portray an unreasonable charge.

We have read with care all of the arguments of the appellant and appellees, as well as the cases cited thereunder, and find nothing therein which would lead us to a conclusion other than the one we have reached. We, therefore, hold that the mere fact that said waters may be navigable as a matter of law does not preclude the park district from charging the harbor fees required; that there is delegated authority from the State of Illinois to the

Chicago Park District allowing the charge of such fees; and that the fees charged are within the discretion of the Chicago Park District and are not unreasonable upon the facts stated in this case.

For the reasons stated herein, the decree of the superior court of Cook County is affirmed.

*Decree affirmed.*