**David STRATER**

v.

**TOWN OF YORK.**

Supreme Judicial Court of Maine.

Argued May 13, 1988.
Decided May 31, 1988.

---

David Strater, Strater, Hancock & Erwin, York, pro se (orally).

Michael Parker (orally), John C. Bannon, E. Stephen Murray, Murray, Plumb & Murray, Portland, for defendant.

Before NICHOLS, ROBERTS, WATHEN, GLASSMAN, SCOLNIK and CLIFFORD, JJ.

NICHOLS, Justice.

This controversy over whether the Plaintiff, David Strater, is liable to the Defendant, Town of York, for a $10 harbor usage fee comes here on appeal from a judgment of the Superior Court (York County), declaring both that the harbor fee is constitutionally and statutorily permitted and that the fee is reasonable in amount. We affirm that judgment.

■ The town derives its authority to regulate its harbor and to impose this fee from the broad powers conferred by 30 M.R.S.A. § 1917 (1978).[1] The Plaintiff's primary assertion that this is a tax imposed upon him, and not a fee, avails him nothing. We have heretofore drawn the distinction between a tax and a fee: taxes are primarily intended to raise revenue while license fees, such as this $10 fee, are part of a regulatory scheme and are intended to cover costs of administering such a program under the police power of government. *Board of Overseers of the Bar v. Lee*, 422 A.2d 998, 1004 (Me.1980).[2] It is clear that this harbor usage fee falls in the latter category.

■ Secondarily, the Plaintiff contends that even if this be a fee the levy upon him is unreasonable in amount. There is nothing at all in the meagre record before us that portrays an unreasonable charge.

The entry is:

Judgment affirmed.

All concurring.

---

1. *See generally Clyde Mallory Lines v. State of Alabama,* 296 U.S. 261, 56 S.Ct. 194, 80 L.Ed. 215 (1935); *MacNeil v. Chicago Park District,* 401 Ill. 556, 564, 82 N.E.2d 452, 456 (1948) (the power to regulate the public use of harbors carries with it the power to require a reasonable fee for such use).

2. *See also Emerson College v. City of Boston,* 391 Mass. 415, 422, 462 N.E.2d 1098, 1104 (1984).